1  BARROWAY TOPAZ KESSLER
   MELTZER & CHECK, LLP
2  Ramzi Abadou (222567)
   rabadou@btkmc.com
3  Erik D. Peterson (257098)
4  epeterson@btkmc.com
   580 California Street, Suite 1750
5  San Francisco, CA 94104
   Telephone: (415) 400-3000
6  Facsimile: (415) 400-3001

7
   *[Proposed] Lead Counsel*
8

9
10                UNITED STATES DISTRICT COURT
11                CENTRAL DISTRICT OF CALIFORNIA
12                     WESTERN DIVISION

13 | ANTHONY ANDRADE,                  ) No. 10-cv-06352-MMM (RCx)
   | Individually and on Behalf of     )
14 | All Others Similarly Situated,    ) <u>CLASS ACTION</u>
   |                                   )
15 |                    Plaintiff,     ) NOTICE OF MOTION AND
   |                                   ) MOTION OF CHARLES
16 |     v.                            ) RENDELMAN FOR
   |                                   ) CONSOLIDATION OF RELATED
17 |                                   ) ACTIONS, APPOINTMENT AS
   | AMERICAN APPAREL, INC., DOV       ) LEAD PLAINTIFF AND
18 | CHARNEY, ADRIAN                   ) APPROVAL OF HIS SELECTION
   | KOWALEWSKI, MARTIN BAILEY         ) OF LEAD COUNSEL;
19 | and JOYCE E. CRUCILLO,            ) MEMORANDUM OF POINTS
20 |                                   ) AND AUTHORITIES IN
   |                    Defendants.    ) SUPPORT THEREOF
21 |                                   )
22 |                                   )
   |                                   ) DATE:   January 24, 2011
23 |                                   ) TIME:   10:00 a.m.
   |                                   ) ROOM:   780
24 |                                   ) JUDGE:  Margaret M. Morrow
25 |                                   )

26 [Captions continued on next page]
27
28

| | |
|---|---|
| DOUGLAS ORMSBY, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>AMERICAN APPAREL, INC., DOV CHARNEY, ADRIAN KOWALEWSKI, MARTIN BAILEY and JOYCE E. CRUCILLO,<br><br>                    Defendants. | No. 10-cv-06513-MMM (RCx) |
| JAMES COSTA, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>AMERICAN APPAREL, INC., DOV CHARNEY, ADRIAN KOWALEWSKI, MARTIN BAILEY and JOYCE E. CRUCILLO,<br><br>                    Defendants. | No. 10-cv-06516-MMM (RCx) |
| WESLEY CHILDS, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>AMERICAN APPAREL, INC., DOV CHARNEY, ADRIAN KOWALEWSKI, MARTIN BAILEY and JOYCE E. CRUCILLO,<br><br>                    Defendants. | No. 10-cv-06680-GW (JCGx) |

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. SUMMARY OF THE ACTION ..................................................................................... 3

III. ARGUMENT .................................................................................................................. 4

    A. The Related Actions Should Be Consolidated ..................................... 4

    B. The PSLRA's Lead Plaintiff Provisions ................................................ 5

    C. Mr. Rendelman is the "Most Adequate Plaintiff" ................................ 7

        1. Mr. Rendelman Has the Largest Financial Interest in the Relief Sought by the Class ................................. 7

        2. Mr. Rendelman Satisfies Rule 23 ................................................ 7

            a. Mr. Rendelman is Typical ................................................. 7

            b. Mr. Rendelman is Adequate .............................................. 8

    D. The Court Should Approve Mr. Rendelman's Selection of Counsel ........................................................................................... 9

IV. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Apple v. LJ Int'l, Inc.*,
  2008 U.S. Dist. LEXIS 12618 (C.D. Cal. 2008) ................................... 2, 5, 8, 9

*Bhojwani v. Pistiolis*,
  2007 U.S. Dist. LEXIS 52139 (S.D.N.Y. 2007) ................................................ 2

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .......................................................................... 2, 7

*In re Cohen v. United States Dist. Court for the N. Dist. Of Cal.*,
  586 F.3d 703 (9th Cir. 2009) .......................................................................... 2, 9

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ............................................................................. 8

*Richardson v. TVIA, Inc.*,
  2007 U.S. Dist. LEXIS 28406 (N.D. Cal. 2007) ............................................... 2

*Tanne v. Autobytel, Inc.*,
  226 F.R.D. 659 (C.D. Cal. 2005) ........................................................... 6, 7, 8, 9

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ............................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) .............................................................................. 5

15 U.S.C. § 78u-4(a)(3)(A)-(B) ................................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................... 1, 6

15 U.S.C. § 78u-4(a)(3)(B)(ii) .................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(ii) .................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................. 9

**RULES**

Fed. R. Civ. P. 23(a) ................................................................................................ 7

Fed. R. Civ. P. 42(a) ................................................................................................ 2

**OTHER AUTHORITIES**

Herbert Newberg & Alba Conte, Newberg on Class Actions § 22.24 (4th ed. 2002) ................................................................................................................. 8

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD |
| 3 | PLEASE TAKE NOTICE that on January 24, 2011, at 10:00 a.m., or as soon |
| 4 | thereafter as the matter may be heard in Courtroom 780, of the Honorable Margaret |
| 5 | M. Morrow, Charles Rendelman ("Mr. Rendelman") will move this Court pursuant to |
| 6 | the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u- |
| 7 | 4(a)(3)(B), for an order: (1) consolidating related actions; (2) appointing Mr. |
| 8 | Rendelman as lead plaintiff; and (3) approving Mr. Rendelman's selection of |
| 9 | Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") as lead counsel. |
| 10 | This Motion is made on the grounds that Mr. Rendelman is the "most adequate |
| 11 | plaintiff" pursuant to the PSLRA. In support of this Motion, Mr. Rendelman submits |
| 12 | herewith a Memorandum of Points and Authorities and the Declaration of Ramzi |
| 13 | Abadou in Support of the Motion of Charles Rendelman for Consolidation of Related |
| 14 | Actions, Appointment as Lead Plaintiff and Approval of His Selection of Lead |
| 15 | Counsel ("Abadou Decl.").[1] |
| 16 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17 | **I.    PRELIMINARY STATEMENT** |
| 18 | Currently pending in this District are four related class actions (the "Actions"), |
| 19 | brought on behalf of all persons who purchased American Apparel, Inc. ("American |
| 20 | Apparel" or the "Company") securities between December 19, 2006 and August 17, |

---

[1] Any member of the putative class may seek appointment as lead plaintiff, whether or not they have previously filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Because Mr. Rendelman cannot determine the identity of other possible lead plaintiff movants in advance of the motions being filed, he respectfully requests leave from compliance with the pre-motion conference requirement set forth in L.R. 7-3.

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-06352-MMM (RCx)

-1-

2010 (the "Class Period").[2] The Actions allege violations of Sections 10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against American Apparel and certain of its executive officers ("Defendants"). The first Action was filed on August 25, 2010 by Anthony Andrade. *See* Abadou Decl., Ex. A.

The Actions should be consolidated because they involve common issues of law and fact. *See* Fed. R. Civ. P. 42(a) ("Rule 42(a)"); § III.A., *infra*. After the Court's ruling on consolidation, Mr. Rendelman should be selected as lead plaintiff because, to the best of his knowledge, he has the largest financial interest in the relief sought by the class. *See* Abadou Decl., Exs. B & C; *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Apple v. LJ Int'l, Inc.*, 2008 U.S. Dist. LEXIS 12618, at **6-7 (C.D. Cal. 2008). In addition, Mr. Rendelman satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") because his claims are typical and he will fairly and adequately represent the class's interests. *See Richardson v. TVIA, Inc.,* 2007 U.S. Dist. LEXIS 28406, at *15 (N.D. Cal. 2007). Further, in accordance with the PSLRA, Mr. Rendelman's selection of lead counsel should be approved. *See* § III.D, *infra*; *In re Cavanaugh*, 306 F.3d at 734; *In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009).[3]

---

[2]   *Childs v. American Apparel, Inc.*, No. 10-06680-GW, asserts a class period of December 19, 2006 - August 17, 2010. The other actions all allege class periods of December 20, 2006 - August 17, 2010. Under the PSLRA, the longest class period controls at the lead plaintiff stage. *See Bhojwani v. Pistiolis*, 2007 U.S. Dist. LEXIS 52139, at *14 (S.D.N.Y. 2007).

[3]   Unless otherwise noted, all emphasis is added and internal citations are omitted.

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-06352-MMM (RCx)

## II. SUMMARY OF THE ACTION

American Apparel describes itself as a vertically integrated manufacturer, distributor and retailer of branded fashion basic apparel based in Los Angeles, California. It operates over 280 retail stores throughout the world and maintains a wholesale business that supplies T-shirts and other casual wear to distributors and screen printers. Defendant Dov Charney founded American Apparel in 1989. The Class Period begins on December 19, 2006, with American Apparel's announcement of a reverse merger with Endeavor Acquisition Corp. In this announcement, American Apparel touted its employees as crucial components of the Company's success.

Following the merger, defendants continued to issue false and misleading statements about the Company's hiring practices and the effect of such hiring practices on American Apparel's financial performance. Specifically, defendants led investors to believe that the Company had made "diligent efforts" to comply with labor and employment regulations, when in fact they had not done so. Defendants also made false and misleading statements regarding the effect of American Apparel's illegal hiring practices on its operating costs and margins. In July 2009, it was revealed that United States Immigration and Customs Enforcement ("ICE") was investigating the Company's compliance with U.S. immigration laws. Despite the investigation, defendants continued to assure investors that the Company was making "diligent efforts" to comply with all employment and labor regulations, and that the investigation would not have a material impact on American Apparel's financial results or earnings.

On May 19, 2010, however, the Company announced that gross margins for the first quarter 2010 were impaired by reduced labor efficiency at the Company's production facilities. American Apparel further revealed that 1,500 experienced manufacturing employees had been dismissed in the second half of 2009 as a result of

the ICE inspection. The Company also announced that the reduced labor efficiency would lead to a reduction of net income by $4.4 million and that the reduced efficiency could continue through 2011. On this news, the Company's stock declined by over 40 percent.

On July 28, 2010, the Company revealed that, effective July 22, 2010, Deloitte and Touche, LLP ("Deloitte") had resigned as the Company's independent public accountant. Then, on August 17, 2010, the Company announced that despite quarterly net sales of $132 million to $143 million, it would report a net loss of $5 million to $7 million for the quarter. A significant factor for the net loss was "lower labor efficiency at the Company's production facilities" that "was primarily a result of the hiring of over 1,600 net new manufacturing workers during the second quarter of 2010." Additionally, the Company revealed that it may not have sufficient liquidity to sustain operations for the next twelve months and issued a going concern warning. On this news, the Company's stock declined over 25 percent from its close on August 16, 2010 to close on August 17, 2010 at $1.03 per share. As the market continued to digest these disclosures, the Company's stock fell an additional 21 percent to close at $0.81 per share on August 18, 2010.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). There are at least four related securities class actions pending in this District on behalf of investors who purchased American Apparel securities during the Class Period:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Andrade v. American Apparel, Inc., et al.* | 10-06352-MMM | 08/25/2010 |
| *Ormsby v. American Apparel, Inc., et al.* | 10-06513-MMM | 08/31/2010 |
| *Costa v. American Apparel, Inc., et al.* | 10-06516-MMM | 08/31/2010 |
| *Childs v. American Apparel, Inc., et al.* | 10-06680-GW | 09/08/2010 |

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See L.J. Int'l*, 2008 U.S. Dist. LEXIS 12618, at \*\*4-5. Here, the Actions present virtually identical factual and legal issues, arising out of the same alleged course of misconduct – the purchase of American Apparel securities at artificially inflated prices during the Class Period. Accordingly, consolidation is appropriate. *See id.*

### B. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, in connection with the filing of the first-filed action, *Andrade v. American Apparel, Inc.*, No. 10-06352-MMM, notice was published on *Business Wire* on August 25, 2010. *See* Abadou Decl., Ex. A. Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Third, within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice…;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-30.

The time period in which class members may move to be appointed lead plaintiff in this case expires October 25, 2010. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice, Mr. Rendelman timely moves this Court to be appointed lead plaintiff on behalf of all members of the class. *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 664 (C.D. Cal. 2005). In addition, Mr. Rendelman has selected and retained counsel experienced in the prosecution of securities class actions to represent him and the class. *See* Abadou Decl., Ex. D. Accordingly, Mr. Rendelman satisfies the PSLRA's filing requirements and is entitled to have his application for appointment as lead plaintiff considered by the Court.

**C.     Mr. Rendelman is the "Most Adequate Plaintiff"**

**1.     Mr. Rendelman Has the Largest Financial Interest in the Relief Sought by the Class**

Mr. Rendelman suffered a loss of approximately $72,109 in connection with his Class Period purchases of American Apparel stock. *See* Abadou Decl., Exs. B & C. To the best of his knowledge, this represents the largest financial interest in the relief sought by the class. *See Cavanaugh*, 306 F.3d at 730-32; *Autobytel, Inc.*, 226 F.R.D. at 666.

**2.     Mr. Rendelman Satisfies Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Although Rule 23 includes four requirements, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See Cavanaugh*, 306 F.3d at 730; *Autobytel, Inc.*, 226 F.R.D. at 666 ("'A wide ranging analysis is not appropriate' to determine whether [the movant] has made a prima facie showing that he satisfies the requirements of Rule 23, and 'should be left for consideration on a motion for class certification.'").

**a.     Mr. Rendelman is Typical**

The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named

plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The claims of the lead plaintiff, however, need not be identical to the claims of the class to satisfy typicality. *Id.*

Here, Mr. Rendelman is typical because, just like all other class members asserting claims under the Exchange Act, he: (1) purchased or otherwise acquired American Apparel securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by the Defendants' conduct causing the price of American Apparel's securities to fall. *See Autobytel,* 226 F.R.D. at 667. Thus, Mr. Rendelman's claims are typical of those of other class members because his claims and the claims of other class members arise out of the same course of events. *See* 7 Herbert Newberg & Alba Conte, Newberg on Class Actions § 22.24, at 107-08 (4th ed. 2002) ("[t]he majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met").

### b. Mr. Rendelman is Adequate

The adequacy requirement is met when "(1) counsel for the class is qualified and competent; and (2) the representative's interests are not antagonistic to the interest of absent class members." *See LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at *17. Mr. Rendelman satisfies both of these elements. First, as explained below, Mr. Rendelman has selected a highly qualified firm with significant experience prosecuting class action lawsuits under the federal securities laws to serve as lead counsel for the class. *See* § III.D, *infra*. Second, there is no conflict between Mr. Rendelman and the class as both he and the class seek to recover losses caused by the Defendants' false and misleading statements.

**D.  The Court Should Approve Mr. Rendelman's Selection of Counsel**

The party selected to serve as lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); *see Autobytel,* 226 F.R.D. at 667 (noting that "[a] court may disturb the lead plaintiff's choice of counsel only if it appears necessary to 'protect the interests of the class'"); *LJ Int'l*, 2008 U.S. Dist. LEXIS 12618 at *17. Mr. Rendelman has selected and retained Barroway Topaz to serve as lead counsel for the class. Barroway Topaz has extensive experience in securities litigation and is well qualified to represent the class. *See* Abadou Decl., Ex. D; *In re Cohen*, 586 F.3d at 709.

## IV.  CONCLUSION

For the foregoing reasons, Mr. Rendelman respectfully requests that the Court: (1) consolidate all related actions; (2) appoint him as lead plaintiff pursuant to the PSLRA; and (3) approve his selection of Barroway Topaz to serve as lead counsel for the class.

Dated:  October 25, 2010                    Respectfully submitted,

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP

*/s/ Ramzi Abadou*
Ramzi Abadou
Erik D. Peterson
580 California Street, Suite 1750
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

[Proposed] Lead Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I further certify that on October 25, 2010, I served the same document by U.S. Postal service on the parties on the attached manual notice list who are not registered participants of the ECF system.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 25, 2010.

>  /s/ Ramzi Abadou
> Ramzi Abadou
> BARROWAY TOPAZ KESSLER
> MELTZER & CHECK, LLP
> 580 California Street, Suite 1750
> San Francisco, CA 94104
> Phone: (415) 400-3000
> Fax: (415) 400-3001

# Mailing Information for a Case 2:10-cv-06352-MMM -RC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com

- **Harriet S Posner**
  hposner@skadden.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Mitchell M Z Twersky**
  mtwersky@aftlaw.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher M Wood**
  cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Arthur J Chen
```
Abraham Fruchter & Twersky LLP
One Pennsylvania  Plaza Suite 2805
New York, NY 10119

```
Jack G Fruchter
```
Abraham Fruchter & Twersky LLP
1 Pennsylvania Plaza  Suite2805
New York, NY 10119