ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
MICHAEL J. DOWD (135628)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
miked@rgrdlaw.com
dmyers@rgrdlaw.com
     – and –
CHRISTOPHER M. WOOD (254908)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
cwood@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY ANDRADE, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>  vs.<br><br>AMERICAN APPAREL, INC., et al.,<br><br>                     Defendants. | No. 2:10-cv-06352-MMM(RCx)<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE:     January 31, 2011<br>TIME:     10:00 a.m.<br>CTRM:   780<br>JUDGE:  Hon. Margaret M. Morrow |

583147_1

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | ARGUMENT | 3 |
| | A. The Actions Should Be Consolidated | 3 |
| | B. Robert England Should Be Appointed Lead Plaintiff | 4 |
| |     1. This Motion Is Timely | 4 |
| |     2. Robert England Has the Largest Financial Interest in the Relief Sought by the Class | 5 |
| |     3. Robert England Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure | 5 |
| | C. The Court Should Approve Mr. England's Selection of Counsel | 6 |
| IV. | CONCLUSION | 7 |

Class member Robert England respectfully submits this memorandum of law in support of his motion for: (i) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B); and (ii) approval of his selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I.  INTRODUCTION

Presently pending in this district are four securities class action lawsuits (the "Actions") on behalf of all purchasers of American Apparel, Inc. ("American Apparel" or the "Company") securities between December 19, 2006 and August 17, 2010 (the "Class Period") against American Apparel and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act"): *Andrade v. American Apparel, Inc.*, No. 2:10-cv-06352-MMM-RL; *Ormsby v. American Apparel, Inc.*, No. 2:10-cv-06513-MMM-RL; *Costa v. American Apparel, Inc.*, No. 2:10-cv-06516-MMM-RL; and *Childs v. American Apparel*, No. 2:10-cv-06680-GW-JCG.  In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Mr. England should be appointed as lead plaintiff because he: (1) timely filed this motion; (2) to his counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. England's selection of Robbins

Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.  STATEMENT OF FACTS

Based in Los Angeles, American Apparel designs, manufactures and sells clothing for women, men, children and pets through retail, wholesale and online distribution channels. During the Class Period, defendants made false and misleading statements about the Company's hiring practices and the effect of its hiring practices on the Company's financial performance. Specifically, defendants falsely stated that they made "diligent efforts" to comply with employment and labor regulations, and failed to disclose, and made false statements to shareholders regarding, the effect of the Company's illegal hiring practices on its operating costs and margins.

Beginning in July 2009, after the Company revealed that it was being investigated by U.S. Immigration and Customs Enforcement ("ICE") regarding its compliance with U.S. immigration law, the true financial condition of the Company began to be revealed. However, defendants assured investors that such investigation would not have a material effect on American Apparel.

Almost a year later, on May 19, 2010, the Company announced that the Company's operating losses had skyrocketed, while its gross margins had plummeted, in substantial part due to a reduction in labor efficiency as "a result of the dismissal of over 1,500 experienced manufacturing employees in the third and fourth quarters of 2009 following the completion of an I-9 inspection by [ICE]." As a result of this disclosure, American Apparel's stock price plummeted 41% in one day, on trading volume of over 2.8 million shares – over seven times higher than the Company's average. But the worst was not over for American Apparel shareholders.

On July 28, 2010, the Company filed a Form 8-K with the United States Securities and Exchange Commission ("SEC") announcing that Deloitte & Touche LLP, the Company's independent registered public accountant, resigned effective

July 22, 2010. The Form 8-K explained that "Deloitte advised the Company that certain information has come to Deloitte's attention, that if further investigated may materially impact the reliability of either its previously issued audit report or the underlying consolidated financial statements for the year ended December 31, 2009 included in the Company's 2009 Form 10-K."

On August 17, 2010, American Apparel issued a press release announcing that the Company expected to report a loss of $5 million to $7 million in the second quarter of 2010 because of "lower labor efficiency at the Company's production facilities in the second quarter of 2010 compared to the prior year period. The lower labor efficiency was primarily a result of the hiring of over 1,600 net new manufacturing workers during the second quarter of 2010." The August 17, 2010, press release also stated that as a result of the Company's poor performance, its very existence was now in doubt. By August 18, 2010, as this news was digested by the market, American Apparel's stock price had declined rapidly, from a close of $1.39 per share on August 16, 2010, to a close of just $0.81 per share on August 18, 2010 – a decline of over 41%.

## III. ARGUMENT

### A. The Actions Should Be Consolidated

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Here, the Actions assert claims on behalf of purchasers of American Apparel securities for alleged violations of the 1934 Act during the Class Period. The claims, Class Periods, defendants and factual allegations are virtually identical. Accordingly, "[c]onsolidating these cases for all purposes will be the most efficient solution for the court, and will ease the

- 3 -

583147_1

litigation burden on all parties involved." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (Morrow, J.).[1]

### B.  Robert England Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Mr. England meets each of these requirements and should therefore be appointed as lead plaintiff.

#### 1.  This Motion Is Timely

The notice published in this action on August 25, 2010 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff

---

[1] On October 8, 2010, the parties to the four related actions filed a Joint Stipulation and [Proposed] Order Regarding Consolidation of Cases, Briefing Schedule and Stay of Discovery. *See* Docket #12.

- 4 -

583147_1

within 60 days from August 25, 2010, or October 24, 2010. *See* Myers Decl., Ex. A. October 24th was a Sunday. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), October 25, 2010 is the next day that is not a "Saturday, Sunday, or legal holiday," and this Motion is therefore timely filed and Mr. England is entitled to be considered for appointment as lead plaintiff.

### 2. Robert England Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. England lost approximately $45,000 due to defendants' misconduct. *See* Myers Decl., Exs. B, C. To the best of his counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Mr. England satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Robert England Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4);

*Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Mr. England satisfies these requirements at this stage of the litigation.

Mr. England has submitted a sworn certification confirming his desire, willingness and ability to serve as lead plaintiff. *See* Myers Decl., Ex. B; *see also* Local Rule 3-7(c). Like all class members, Mr. England purchased American Apparel stock during the Class Period at allegedly inflated prices and suffered damages as a result. *See* Myers Decl., Ex. C. Mr. England's $45,000 loss indicates he has the incentive to represent the claims of the class vigorously. *Id.* Moreover, Mr. England is not subject to unique defenses and is not aware of any conflicts between his claims and those asserted by the class. Finally, as discussed below, Mr. England has selected qualified counsel experienced in securities litigation.

Mr. England's common interests shared with the class, his substantial financial interest and his selection of qualified counsel demonstrates that Mr. England *prima facie* satisfies the Rule 23 inquiry at this juncture.

### C. The Court Should Approve Mr. England's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 732-33; *In re Cohen v. United States Dist. Ct. for the N. Dist.*, 586 F.3d 703 (9th Cir. 2009).

Mr. England contacted at least one other law firm prior to selecting Robbins Geller as his counsel in this case. After considering the firms' qualifications, Mr. England decided to retain Robbins Geller to represent him and the class in this litigation. Robbins Geller, a 175-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Myers Decl., Ex. D. District courts throughout the country, including this Court, have noted

1  Robbins Geller's reputation for excellence, which has resulted in the appointment of
2  Robbins Geller attorneys to lead roles in hundreds of complex class action securities
3  cases.  *See, e.g., In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009)
4  (Carney, J.) (noting that it was "undisputable" that Robbins Geller lawyers have
5  "extensive experience prosecuting suits of this nature"); *In re Enron Corp. Sec.*, 586
6  F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the
7  "experience, ability, and reputation of the attorneys of [Robbins Geller] is not
8  disputed; it is one of the most successful law firms in securities class actions, if not the
9  preeminent one, in the country").  As such, the Court may be assured that in the event
10 this Motion is granted, the members of the class will receive the highest caliber of
11 legal representation available from Robbins Geller.  Accordingly, Mr. England's
12 selection of counsel should be approved.

### IV.  CONCLUSION

The four related securities fraud actions before the Court are virtually identical and should be consolidated.  In addition, Robert England has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. England respectfully requests that the Court consolidate the Actions, appoint him as Lead Plaintiff, approve his selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  October 25, 2010            Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
MICHAEL J. DOWD
DANIELLE S. MYERS


                                    s/ DANIELLE S. MYERS
                                    DANIELLE S. MYERS

583147_1

| | |
|---|---|
| 1 | |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 3 | 619/231-7423 (fax) |
| 4 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 5 | CHRISTOPHER M. WOOD<br>Post Montgomery Center |
| 6 | One Montgomery Street, Suite 1800<br>San Francisco, CA  94104 |
| 7 | Telephone:  415/288-4545<br>415/288-4534 (fax) |
| 8 | |
| 9 | [Proposed] Lead Counsel for Plaintiffs |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

583147_1

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 25, 2010.

 s/ DANIELLE S. MYERS
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       dmyers@rgrdlaw.com

583147_1

# Mailing Information for a Case 2:10-cv-06352-MMM -RC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com

- **Harriet S Posner**
  hposner@skadden.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Mitchell M Z Twersky**
  mtwersky@aftlaw.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher M Wood**
  cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Arthur J Chen
Abraham Fruchter & Twersky LLP
One Pennsylvania  Plaza Suite 2805
New York, NY 10119

Jack G Fruchter
Abraham Fruchter & Twersky LLP
1 Pennsylvania Plaza  Suite2805
New York, NY 10119
```