BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
Ramzi Abadou (222567)
rabadou@btkmc.com
Stacey M. Kaplan (241989)
skaplan@btkmc.com
Erik D. Peterson (257098)
epeterson@btkmc.com
580 California Street, Suite 1750
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

- and -

Sean M. Handler
shandler@btkmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*[Proposed] Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERICAN APPAREL, INC. SHAREHOLDER LITIGATION | ) | Case No. CV-10-6352 MMM (RCx) |
| | ) | CLASS ACTION |
| | ) | CHARLES RENDELMAN'S RESPONSE TO ROBERT ENGLAND'S REQUEST FOR DISCOVERY |
| | ) | DATE: January 31, 2011<br>TIME: 10:00 a.m.<br>ROOM: 780<br>JUDGE: Hon. Margaret M. Morrow |

## I. INTRODUCTION

On October 25, 2010, Charles Rendelman and Robert England each filed motions for appointment as lead plaintiff and for approval of their respective selection of lead counsel. Docket Nos. 19 and 21.[1] At the time, Mr. England correctly argued that the "adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorney is qualified, experienced and generally able to conduct the litigation." Docket No. 22 at 5; *see also* Docket No. 19 at 8 (same). As set forth in Mr. Rendelman's prior pleadings, Mr. Rendelman satisfies this test. On December 3, 2010, the Court entered an Order Approving Stipulation Regarding Consolidation of Cases, Briefing Schedule and Stay of Discovery. Docket 25; *see id.*, ¶6 ("all discovery" stayed pursuant to 15 U.S.C. §78u-4(a)(3)(B)). On January 10, 2011, the proposed lead plaintiffs filed opposition memoranda. *See* Docket Nos. 26 and 28. In his opposition, Mr. England vehemently argued that he had all the "proof" and "sworn evidence" necessary to rebut the presumption in Mr. Rendelman's favor. Docket No. 26 at 2-8. It appears that was not the case.

On January 14, 2011, several hours after the proposed lead plaintiffs filed their reply memoranda (and after reading Mr. Rendelman's reply), Mr. England's counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), filed a self-styled "Notice of Request to Cross-Examine Charles Rendelman" ("Notice"). Docket No. 33. Mr. England's counsel electronically filed its request at 11:57 p.m. PST – *i.e.*, long after this Court's 5:00 p.m. deadline for filings. *See* Declaration of Ramzi Abadou in Support of Charles Rendelman's Response to Robert England's Request for Discovery ("Abadou Decl."), Exhibit ("Ex.") 1; *see also In re Molson Coors Brewing Co. Sec.*

---

[1] Unless otherwise noted, all emphasis is added and internal citations are omitted.

*Litig*., 233 F.R.D. 147, 149 n.4 (D. Del. 2005) ("The 'pick me' urgency seems far more likely to come from the lawyers than the parties….").[2]

## II. ARGUMENT

### A. Mr. England's Motion is Untimely and Improper Under L.R. 7-8

Mr. England's reliance on L.R. 7-8 to seek to "cross-examine" or to depose Mr. Rendelman on two day's notice is unfounded. *See* Docket No. 33 at 3. "Local Rule 7-8 is inapplicable in this context, as it governs the presence of declarants on 'motions for and orders to show cause re preliminary injunctions, motions to be relieved from default and other motions where an issue of fact is to be determined (*e.g.*, civil contempt, but excluding motions contesting venue and personal jurisdiction)….'" *Contessa Food Prods., Inc. v. Lockpur Fish Processing Co. Ltd.*, 2001 U.S. Dist. LEXIS 25995, at *9 n.3 (C.D. Cal. 2001) (quoting L.R. 7-8) (denying request to cross-examine declarant at summary judgment). Mr. England challenges Mr. Rendelman on legal adequacy grounds, thus this is not a "motion [] where an issue of fact is to be determined." L.R. 7-8; *see Backe v. Novatel Wireless, Inc*., 2008 U.S. Dist. LEXIS 100622, at *11 (S.D. Cal. 2008) (at the lead plaintiff stage, "[r]esolution of two legal questions determines legal adequacy"). Mr. England's request should be denied on this basis alone. Furthermore, even if L.R. 7-8 applied to this proceeding, which it does not, Mr. England's Notice, filed at 11:57 p.m. fourteen days prior to the January 31, 2011 lead plaintiff hearing, should be stricken as untimely filed.[3] *See* Abadou Decl., Ex. 1.

---

[2] Mr. England's reply memorandum confirms that it was his lawyers, not Mr. England, who raised these purported challenges to Mr. Rendelman's adequacy. *See* Docket No. 30 at 3 ("Here, Mr. England's ***counsel*** has submitted specific 'evidence of the existence of an actual or potential conflict of interest or a defense to which [Rendelman] would be uniquely subject.'").

[3] *See* L.R. 7-8 ("not later than fourteen (14) days prior to the hearing, a party desiring to cross-examine any declarant…may serve by hand (or facsimile or by

### B. Courts Have Repeatedly Rejected Similarly Unfounded Requests

Hours after submitting a brief reiterating that Mr. England provided the "proof" demanded by the PSLRA to rebut Mr. Rendelman's status as the presumptive lead plaintiff, Mr. England's counsel filed the instant Notice requesting permission to embark on a fishing expedition to attempt to support the speculative attacks raised against Mr. Rendelman's appointment.[4] Mr. England's counsel's suddenly urgent eleventh-hour request for discovery under 15 U.S.C. §78u-4(a)(3)(B) should be denied. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999) ("A wide-ranging analysis under Rule 23 is not appropriate [] and should be left for consideration on a motion for class certification.") (Morrow, J.); *In re Cavanaugh*, 306 F.3d 726, 738 (9th Cir. 2002) (in enacting the PSLRA, "Congress [did not] raise[] Rule 23's standard for adequacy"); *see also* Docket No. 25, ¶6. As explained by the Third Circuit, "[c]ourts must [] take care to prevent the use of discovery to harass presumptive lead plaintiffs, something that the Reform Act was meant to guard against." *In re Cendant Corp. Litig.*, 264 F.3d 201, 270 n.49 (3d Cir. 2001) (Becker, C.J.).

And, more specifically, courts have repeatedly rejected such efforts to challenge adequacy with unfounded discovery. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1055 n.1 (N.D. Cal 2010) ("The Court DENIES [Robbins Geller's] request to conduct discovery on Cho's adequacy.") (emphasis in original). This is not what

---

electronic filing) and file a notice of request to cross-examine such declarant"); Hon. Margaret M. Morrow's Procedures ("All documents which are required to be filed in an electronic format pursuant to General Order No. 08-02 shall be filed electronically no later than 5:00 p.m. on the date due unless otherwise ordered by the Court. Any documents filed electronically after 5:00 p.m. on the date due will be considered late and may be stricken by the Court.").

[4] *See* Docket No. 30 at 1 ("While Mr. Rendelman claims that he 'will act as a fiduciary for the proposed class of American Apparel investors,' [] the ***evidence*** adduced at this preliminary stage of the proceedings credibly supports the opposite inference.").

Congress had in mind when it enacted the PSLRA. *See Cendant*, 264 F.3d at 270 n.49. For instance, *In re Tronox, Inc. Sec. Litig*., 262 F.R.D. 338 (S.D.N.Y 2009) is instructive. There, in denying Mr. England's counsel's request for discovery against the presumptive lead plaintiff on adequacy grounds, Judge Scheindlin reasoned:

> [Robbins Geller] also seeks, in the event that this Court considered appointing LaGrange lead plaintiff, limited discovery to ascertain the adequacy of LaGrange in light of Alaska's claims regarding LaGrange's trading patterns and corporate structure. [Robbins Geller] specifically seeks to depose Frank LaGrange Johnson to address these questions….[Robbins Geller] has not presented sufficient evidence to give rise to a reasonable basis on which to authorize discovery of LaGrange and the cases on which [Robbins Geller] relies – including two slip opinions not electronically available – are inapposite. Moreover, ***such discovery will only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome***.

*Id.* at 347-48; *see In re Oppenheimer Rochester Funds Grp. Sec. Litig*., 2009 U.S. Dist. LEXIS 113555, at *24-*25 (D. Colo. 2009) (same); *Reimer v. Ambac Fin. Grp., Inc*., 2008 U.S. Dist. LEXIS 38729, at *15 n.5 (S.D.N.Y. 2008) ("we deny [Robbins Geller's] request for further limited discovery on this issue because it has not 'demonstrate[d] a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class'"); *Hodges v. Immersion Corp*., 2009 U.S. Dist. LEXIS 122565, at *12 (N.D. Cal. 2009) ("Muller has failed to demonstrate his entitlement to discovery.").[5]

*Ferrari v. Impath, Inc*., 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. 2004) is also instructive. There, a non-presumptive lead plaintiff sought discovery to bolster its

---

[5] Courts do (rarely) allow for discovery to test typicality – particularly when a proposed lead plaintiff's trading strategy or standing could later legitimately subject the class to "unique defenses." *See, e.g.*, *Applestein v. Medivation, Inc*., 2010 U.S. Dist. LEXIS 98255, at *15-*16 (N.D. Cal. 2010); *see also South Ferry LP #2 v. Killinger*, 2011 U.S. Dist. LEXIS 1200, at *14-*18 (W.D. Wash. 2011) (at the class certification stage, finding that a German investment fund was an "atypical class representative" because it had uncertain Article III standing due to its possibly invalid assignment of claims).

arguments that the presumptive lead plaintiff was inadequate. The attacks, as here, involved allegations of access to insider information and unrelated civil litigation involving the presumptive lead plaintiff. In denying discovery, the court reasoned that:

> Finally, Oklahoma Firefighters seeks limited discovery to ascertain the adequacy of SoCal Plaintiffs Groups in light of its allegations regarding Blum Capital and SoCal's purchase of Impath stock….While the Court views the allegations as potentially troubling, Oklahoma Firefighters have produced not one iota of evidence to give the Court even a reasonable basis to authorize discovery.

*Impath*, 2004 U.S. Dist. LEXIS 13898, at *23-*24. Similarly, here, Mr. England's lawyers have failed to provide any reasonable basis to challenge Mr. Rendelman's adequacy in ***this*** case. *See* Docket No. 31 at 13-18. In fact, unlike Mr. Rendelman, who submitted a supplemental declaration further attesting to his adequacy, Mr. England has yet to file any pleading with the Court demonstrating that he: (i) knows his lawyers have raised any of these arguments; or (ii) that he supports such attacks on a fellow member of the class. The PSLRA was enacted to curtail "lawyer-driven" litigation, not engender it. *See Cavanaugh*, 306 F.3d at 738 (PSLRA enacted to "diminish the risk of lawyer-driven lawsuits").

Ultimately, "[a]llegations of impropriety are not proof of wrongdoing [under the PSLRA]. If they were, then any class member (***or lawyer seeking to be appointed lead counsel***) could disable any presumptive lead plaintiff with unsupported allegations." *Oppenheimer*, 2009 U.S. Dist. LEXIS 113555, at *25. Accordingly, Mr. England's counsel's request for discovery to fish for facts to rebut the presumption in Mr. Rendelman's favor is meant to harass Mr. Rendelman, does not have a reasonable basis and should be denied. *Id*. at *24; *Ambac*, 2008 U.S. Dist. LEXIS 38729, at *15 n.5; *Immersion*, 2009 U.S. Dist. LEXIS 122565, at *12; *Impath*, 2004 U.S. Dist. LEXIS 13898, at *23-*24; *Tronox*, 262 F.R.D. at 347-48; *Cendant*, 264 F.3d at 270 n.49.

## III. CONCLUSION

For the foregoing reasons, Mr. England's request for discovery should be denied.

Dated: January 18, 2011

Respectfully submitted,

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP

*/s/ Ramzi Abadou*

Ramzi Abadou
Stacey M. Kaplan
Erik D. Peterson
580 California Street, Suite 1750
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

- and -

Sean M. Handler
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I further certify that on January 18, 2011, I served the same document by U.S. Postal service on the parties on the attached manual notice list who are not registered participants of the ECF system.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 18, 2011.

*/s/ Ramzi Abadou*
Ramzi Abadou

## Mailing Information for a Case 2:10-cv-06352-MMM -RC

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  rabadou@btkmc.com,shebard@btkmc.com
- **David E Bower**
  dblaw@mindspring.com,dbower@zlk.com
- **Lionel Zevi Glancy**
  lglancy@glancylaw.com
- **Michael Marc Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,asohrn@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com,lglancy@glancylaw.com
- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com
- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Erik David Peterson**
  epeterson@btkmc.com,knguyen@btkmc.com
- **Harriet S Posner**
  hposner@skadden.com
- **Robert Vincent Prongay**
  rprongay@glancylaw.com
- **Darren J Robbins**
  e_file_sd@rgrdlaw.com
- **Laurence M Rosen**
  lrosen@rosenlegal.com
- **Mitchell M Z Twersky**
  mtwersky@aftlaw.com
- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Christopher M Wood**
  cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Arthur J Chen**
Abraham Fruchter & Twersky LLP
One Pennsylvania Plaza Suite 2805
New York, NY 10119

**Jack G Fruchter**
Abraham Fruchter & Twersky LLP
1 Pennsylvania Plaza Suite2805
New York, NY 10119

**Phillip Kim**
The Rosen Law Firm PA
350 Fifth Ave Ste 5508
New York, NY 10118