SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
HARRIET S. POSNER (Bar No. 116097)
harriet.posner@skadden.com
PETER B. MORRISON (Bar No. 230148)
peter.morrison@skadden.com
GILA D. JONES (Bar No. 248213)
gila.jones@skadden.com
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

Attorneys for Defendant
American Apparel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AMERICAN APPAREL, INC. SHAREHOLDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. CV-10-6352 MMM (RCx)<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT AMERICAN APPAREL, INC.'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT<br><br>Date: September 12, 2011<br>Time: 10:00 a.m.<br>Courtroom: 780<br><br>Hon. Margaret M. Morrow<br>Complaint Filed: April 29, 2011<br>Trial Date: TBD |

REQUEST FOR JUDICIAL NOTICE

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant American Apparel, Inc. ("American Apparel") respectfully requests that the Court take judicial notice of the following documents, attached to the concurrently filed Declaration of Gila D. Jones ("Jones Declaration")[1]:

1. A true and correct copy of an article, <u>Employer is for Open U.S. Door</u>, Los Angeles Times, April 20, 2006, attached to the concurrently filed Jones Declaration as **Exhibit 1**.

2. A true and correct copy of an excerpt of Endeavor Acquisition Corp.'s Form 14-A filed November 28, 2007, attached to the concurrently filed Jones Declaration as **Exhibit 2**.

3. A true and correct copy of an article, <u>Politics Wrapped in a Clothing Ad</u>, New York Times, January 18, 2008, attached to the concurrently filed Jones Declaration as **Exhibit 3**.

4. A true and correct copy of excerpts of American Apparel's FYE 2007 Form 10-K filed March 17, 2008, attached to the concurrently filed Jones Declaration as **Exhibit 4**.

5. A true and correct copy of the final transcript of American Apparel's May 13, 2008 earnings conference call, attached to the concurrently filed Jones Declaration as **Exhibit 5**.

6. A true and correct copy of the final transcript of American Apparel's August 14, 2008 earnings conference call, attached to the concurrently filed Jones Declaration as **Exhibit 6**.

---

[1] To prevent duplication of materials being submitted to the Court and as set forth in Defendants Dov Charney's and Adrian Kowalewski's Motion to Dismiss the Consolidated Class Action Complaint for Violation of Federal Securities Laws and accompanying Notice of Motion and Joinder filed on May 31, 2011, Defendants Dov Charney and Adrian Kowalewski join in American Apparel's Request for Judicial Notice, and respectfully request that the Court take judicial notice of the documents listed in the Jones Declaration that are being concurrently filed with this Request for Judicial Notice.

7. A true and correct copy of the final transcript of American Apparel's November 10, 2008 earnings conference call, attached to the concurrently filed Jones Declaration as **Exhibit 7**.

8. A true and correct copy of the December 29, 2008 Press Release, "American Apparel Names Adrian Kowalewski Chief Financial Officer," attached to the concurrently filed Jones Declaration as **Exhibit 8**.

9. A true and correct copy of the March 13, 2009 Press Release entitled, "American Apparel Announces $80 million Investment by Lion Capital LLP," attached to the concurrently filed Jones Declaration as **Exhibit 9**.

10. A true and correct copy of excerpts of American Apparel's FYE 2008 Form 10-K filed March 16, 2009, attached to the concurrently filed Jones Declaration as **Exhibit 10**.

11. A true and correct copy of the final transcript of American Apparel's March 17, 2009 earnings conference call, attached to the concurrently filed Jones Declaration as **Exhibit 11**.

12. A true and correct copy of a Schedule 13D/A filed by Dov Charney on March 23, 2009, attached to the concurrently filed Jones Declaration as **Exhibit 12**.

13. A true and correct copy of American Apparel's Form 8-K filed June 30, 2009, attached to the concurrently filed Jones Declaration as **Exhibit 13**.

14. A true and correct copy of American Apparel's Form 8-K filed July 1, 2009, attached to the concurrently filed Jones Declaration as **Exhibit 14**.

15. A true and correct copy of the final transcript of American Apparel's August 13, 2009 earnings conference call, attached to the concurrently filed Jones Declaration as **Exhibit 15**.

16. A true and correct copy of American Apparel's Form 8-K filed August 13, 2009, attached to the concurrently filed Jones Declaration as **Exhibit 16**.

17. A true and correct copy of the final transcript of American Apparel's November 10, 2009 earnings conference call, attached to the concurrently filed Jones Declaration as **Exhibit 17**.

18. A true and correct copy of excerpts of American Apparel's 3Q 2009 Form 10-Q filed November 10, 2009, attached to the concurrently filed Jones Declaration as **Exhibit 18**.

19. A true and correct copy of the final transcript of American Apparel's March 25, 2010 earnings conference call, attached to the concurrently filed Jones Declaration as **Exhibit 19**.

20. A true and correct copy of excerpts of American Apparel's FYE 2009 Form 10-K filed March 31, 2010, attached to the concurrently filed Jones Declaration as **Exhibit 20**.

21. A true and correct copy of American Apparel's Form 8-K filed May 19, 2010, attached to the concurrently filed Jones Declaration as **Exhibit 21**.

22. A true and correct copy of the February 4, 2011 Press Release, "American Apparel Announces Management Changes," attached to the concurrently filed Jones Declaration as **Exhibit 22**.

23. A true and correct copy of excerpts of American Apparel's FYE 2010 Form 10-K filed March 31, 2011, attached to the concurrently filed Jones Declaration as **Exhibit 23**.

24. A true and correct copy of excerpts of American Apparel's FYE 2009 Form 10-K/A filed May 17, 2011, attached to the concurrently filed Jones Declaration as **Exhibit 24**.

25. A true and correct copy of excerpts from American Apparel's website, as of May 26, 2011, attached to the concurrently filed Jones Declaration as **Exhibit 25**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant American Apparel respectfully requests that the Court take judicial notice of the documents attached to the concurrently filed Jones Declaration, which are submitted in support of American Apparel's Motion to Dismiss the above-captioned action. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009) (when ruling on a motion to dismiss, the Court's review is "generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which we may take judicial notice."); Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss."); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008), cert. denied, 129 S. Ct. 1993 (2009) ("'The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . .'") (citation omitted).

The documents to be judicially noticed include: (1) public fillings made by American Apparel with the Securities and Exchange Commission ("SEC") and (2) documents quoted or referred to by Plaintiff Charles Rendelman in the Consolidated Class Action Complaint ("CAC"). A court may take judicial notice of any document "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When supplied with the necessary information to demonstrate accuracy, judicial notice is mandatory. See Fed. R. Evid. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information.").

**Public Filings With The SEC**

The Court may judicially notice the public filings of American Apparel. Courts within the Ninth Circuit have consistently held that SEC filings are the proper subject of judicial notice. See, e.g., Ronconi v. Larkin, No. C-97-1319-CAL, 1998 WL 230987, at *1 (N.D. Cal. May 1, 1998), aff'd, 253 F.3d 423 (9th Cir. 2001) ("[T]he court can also take judicial notice of the relevant public disclosure documents filed with the Securities and Exchange Commission . . . ."); In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 758 (N.D. Cal. 1997) (It is well-settled that "'a district court may take judicial notice of the contents of

1  relevant public disclosure documents required to be filed with the SEC as facts capable of
2  accurate and ready determination by resort to sources whose accuracy cannot reasonably be
3  questioned.'") (citation omitted); <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986
4  (9th Cir. 1999) (taking judicial notice of various SEC filings); <u>Allison v. Brooktree Corp.</u>,
5  999 F. Supp. 1342, 1347, 1352 n.3 (S.D. Cal. 1998) (same); <u>see also</u> <u>In re Copper Mountain
6  Sec. Litig.</u>, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("[T]he court may take judicial notice
7  of information that was publicly available to reasonable investors at the time the defendant
8  made the allegedly false statements").

9        Accordingly, American Apparel's public filings with the SEC (<u>see</u> Jones Decl. Exs. 2,
10 4, 10, 12-14, 16, 18, 20-21, 23-24) are the proper subject of judicial notice.

11 **Documents Referenced In The CAC**

12       "In a motion to dismiss, a Court may take judicial notice of documents attached to <u>or
13 referenced</u> in the complaint . . . ." <u>In re Wet Seal, Inc. Sec. Litig.</u>, 518 F. Supp. 2d 1148,
14 1157 (C.D. Cal. 2007) (citation and quotation omitted); <u>Ronconi</u>, 1998 WL 230987, at *1
15 ("[T]he court can also take judicial notice of . . . the full text of documents cited by plaintiffs
16 in their complaint . . . ."); <u>see also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 569 n.13 (2007)
17 ("the District Court [is] entitled to take notice of the full contents of the published articles
18 referenced in the complaint, from which [] truncated quotations [are] drawn."); <u>In re Copper
19 Mountain</u>, 311 F. Supp. 2d at 864 (judicially noticing documents, including press releases
20 and investor earnings call transcripts, referenced in complaint); <u>Caldwell v. Caldwell</u>, 420 F.
21 Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006) (taking judicial notice of web-pages referenced in
22 complaint). In the CAC, Plaintiff quotes or refers to the documents attached as Exhibits Nos.
23 1-11, 13-15, 17-23, 25 to the Jones Declaration. These documents, therefore, are also
24 properly the subject of judicial notice.

DATED: May 31, 2011

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    <u>s/Harriet S. Posner</u>
       Harriet S. Posner
       Attorneys for Defendant
       American Apparel, Inc.