KESSLER TOPAZ
MELTZER & CHECK, LLP
Ramzi Abadou (222567)
rabadou@ktmc.com
Eli R. Greenstein (217945)
egreenstein@ktmc.com
Stacey M. Kaplan (241989)
skaplan@ktmc.com
Erik D. Peterson (257098)
epeterson@ktmc.com
580 California Street, Suite 1750
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE AMERICAN APPAREL, INC. SHAREHOLDER LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Case No. CV-10-6352 MMM (JCG)<br>(**Consolidated**)<br><br>LEAD PLAINTIFF'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE |

By this opposition, Lead Plaintiff Charles Rendelman ("plaintiff") hereby opposes the Requests for Judicial Notice by the American Apparel Defendants ("defendants").[1]

## I. INTRODUCTION

Faced with a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss, "courts must...accept all factual allegations in the complaint as true," and construe them in the light most favorable to the plaintiff. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1124 (C.D. Cal. 2007). A court's review of a Rule 12(b)(6) motion is limited to the contents of the complaint, though it may also consider documents that are referenced in or relied upon in the complaint, as well as those that may be judicially noticed. *See Hause v. Salvation Army*, 2007 U.S. Dist. LEXIS 87329, at *6-7 (C.D. Cal. 2007). If a court considers materials outside the pleadings, the motion "must be treated as one for summary judgment" and the parties given a reasonable opportunity to conduct discovery and present evidence. Rule 12(d); *Arch Ins. Co. v. Allegiant Prof'l Bus. Servs., Inc.*, 2011 U.S. Dist. LEXIS 58261, at *4 (C.D. Cal. 2011) ("unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint").

Despite the self-evident nature of these principles, defendants seek to support their motions to dismiss with documents that are neither part of the Complaint nor properly the subject of judicial notice.[2] *See* Jones Decl., ¶¶13, 17 (Exs. 12, 16); APP

---

[1] The American Apparel Defendants include American Apparel, Inc., ("American Apparel" or the "Company"), Dov Charney ("Charney") and Adrian Kowalewski ("Kowalewski").

[2] "Complaint" refers to the Consolidated Class Action Complaint for Violation of Federal Securities Laws (Docket No. 66).

MTD at 23, 25.[3] Defendants also seek to make improper evidentiary use of certain materials that are referenced in the Complaint.[4] By these efforts, defendants seek to turn their Rule 12(b)(6) motions to dismiss into an improper challenge of the facts alleged in the Complaint. Because such a challenge is inappropriate at this stage, the Court should refuse to consider these materials. "The Court should not use judicial notice to generate an evidentiary record and then weigh evidence – which plaintiffs have not had the opportunity to challenge – to dismiss [plaintiffs'] complaint." *In re Network Equip. Tech., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991). Should the Court take judicial notice of the materials, the Court should do so only as to the content of the document, not for the truth of the statements contained therein. *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008). ("'To the extent [the public documents'] contents are in dispute, such matters of controversy are not appropriate for judicial notice.'"). In the alternative, defendants' motions must be converted into motions for summary judgment and plaintiff must be afforded an opportunity to conduct discovery and present evidence in opposition of defendants' motions. *See* Rules 12(d) and 56(b).

**II.    ARGUMENT**

    **A.    Defendants Improperly Ask the Court to Take Judicial Notice of Publicly Filed Documents**

"The Court does not take judicial notice of the truth of the content of [SEC] filings." *Batwin v. Occam Networks*, 2008 U.S. Dist. LEXIS 52365, at *5 n.3 (C.D. Cal. 2008). To be subject to judicial notice, a fact must be "capable of accurate and

---

[3] "Jones Decl." refers to the Declaration of Gila D. Jones in Support of Defendant Amercica Apparel, Inc.'s Motion to Dismiss Consolidated Class Action Complaint (Docket No. 74-1). "APP MTD" refers to American Apparel's motion to dismiss the Complaint (Docket 73).

[4] *See* Jones Decl. ¶¶ 3, 5, 11, 14-15, 18-19, 21, 24 (Exs. 2, 4, 10, 13-14, 17-18, 20, 23); APP MTD at 5, 7-8, 10, 13, 23-24, 25.

ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. §201(b)(2).  Defendants offer no argument that the accuracy of the facts contained within these exhibits "cannot be reasonably" questioned." *Id*.  Nor do they offer any basis supporting their request that the Court should consider the contents of these documents for their truth.  Defendants fail to do so because there is no basis for concluding that the facts contained in these exhibits "cannot be reasonably questioned." *Id*.  While a court may take judicial notice of the existence of public U.S. Securities and Exchange Commission ("SEC") filings, the truth of their contents is not appropriate for judicial notice and this is "'particularly true of public documents filed with the [SEC] in a securities fraud action [] since the truth of the contents of the SEC reports is typically **central to the dispute**.'"[5] *Maiman v. Talbott*, 2010 U.S. Dist. LEXIS 142712, at *21 (C.D. Cal. 2010);  *See also Patel*, 253 F.R.D. at 546; *In re Dura Pharm., Inc. Sec. Litig.*, 548 F. Supp. 2d 1126, 1129 n.1 (S.D. Cal. 2008) ("With respect to SEC filings, the Court takes judicial notice only of the statements contained therein, but not for the purpose of determining the truth of those statements.").

      For example, defendants ask the Court to take judicial notice of American Apparel's August 13, 2009 Form 8-K, because "the restatement involved reclassification of the Company's revolving credit facility from a long term to a current liability and had no effect on the Company's reported revenues, net income, net cash flows, cash position, or comparable store sales." Jones Decl., ¶17 (Ex. 16); APP MTD at 23-24.  First, the restatement's effect on the Company's financial position is not commonly known, but rather, a matter "requiring detailed or specific knowledge," not appropriate for judicial notice. *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1311 (S.D. Cal. 2003).  Second, defendants cite to this document for

---

[5]     Unless otherwise noted, all emphasis is added and internal citations are omitted.

its truth, as evidence contrary to plaintiff's scienter allegations. This document is not appropriate for judicial notice for the purpose for which defendants cite it, *i.e.* the truth of the statements about the Company's financial position. A court may appropriately "judicially notice the existence of SEC filings and their contents, [but] judicial notice should not be taken of the ***truth*** of their contents." *Maiman*, 2010 U.S. Dist. LEXIS 142712, at *21 (emphasis in original). While the Court may take judicial notice of the existence of the Form 8-K, it should not consider the truth of any statements made therein with regard to the Company's restatement as they pertain to issues in dispute in this action. *Von Grabe*, 312 F. Supp. 2d at 1312 (improper to take judicial notice of certain "facts," because not only are they disputed, but "they form the essence of the controversy at hand").

### B. Defendants Improperly Use Materials Referenced in the Complaint

While a court *may* consider the full text of documents cited in the complaint, it does not follow that such documents can be submitted to establish the truth of the matters asserted therein, especially since they go to issues disputed in this litigation. *See Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); *Von Grabe*, 312 F. Supp. 2d at 1312. Here, defendants seek to make improper evidentiary use of certain materials that are referenced in the Complaint. In their motions, defendants attempt to rely on the truth of the statements in a number of documents referenced in the Complaint in order to support their assertions that certain matters set forth in those documents are true. Jones Decl., ¶¶3, 14-15, 18 (Exs. 2, 13-14, 17). By requesting judicial notice of these documents, defendants ask the court to determine the truth of the statements in the referenced documents. "Defendants are in essence requesting, during the pleading stage of this litigation, an analysis equivalent to a summary judgment evaluation, without having briefed the issues as such. The Court [should decline] to do so, and consider[] this matter under the standard of a 12(b)(6)

motion." *Perrey v. Televisa S.A. de C.V.*, 2010 U.S. Dist. LEXIS 142449, at *20 (C.D. Cal. 2010).

For example, defendants cite a July 1, 2009 Form 8-K to prove that they did not mislead investors because, "[b]ased on then-prevailing business trends, the belief was that surpluses in inventory and production capacity would 'mitigate' any adverse effects of a significant layoff." APP MTD at 5; Jones Decl., ¶15 (Ex. 14). More specifically, they offer this document to prove the Company's beliefs at the time. The truth of statements made by defendants are disputed issues at the core of this case, *i.e.*, that defendants made false and misleading statements and omissions with the intent to defraud investors. While the existence and contents of SEC filings may be public record, the Company's beliefs at the time, and any inferences defendant seeks to have this Court draw therefrom, are inappropriate because they go to one of the central issues of this case. *See Von Grabe*, 312 F. Supp. 2d at 1311; *Maiman*, 2010 U.S. LEXIS 142712, at *21 ("while it may be appropriate to judicially notice the existence of SEC filings and their contents, judicial notice should not be taken of the ***truth*** of their contents") (emphasis in original).

Therefore, this and other SEC filings proffered by defendants "'should be considered only for the purpose of determining what statements the documents contain, not prove the truth of the documents' contents.'" [6] *Troy*, 364 F. Supp. 2d at 1152; *Dura*, 452 F. Supp. 2d at 1028 n.3 (S.D. Cal. 2006) (citing *Troy* (declining to take judicial notice of defendants' Form 10-K as evidence defendant did not commit

---

[6] In their Request for Judicial Notice ("RJN"), Defendants request judicial notice of a number of documents, but provide no basis beyond a general assertion that they are either public filings with the SEC or referenced in the Complaint. RJN at 4-5; Jones Decl., ¶¶ 6-8, 10, 26 (Exs. 5-7, 9, 25). To the extent the Court simply takes judicial notice of the existence of these documents, but not the truth of the contents, Plaintiff does not object to Defendants' request.

securities fraud));[7] *Maiman*, 2010 U.S. Dist. LEXIS 142712, at *21 ("Courts may take judicial notice of '**undisputed** matters of public record,' but generally may not take judicial notice of '**disputed** facts stated in public records.'") (emphasis in original). The Court may take judicial notice of the existence of documents filed with the SEC and referenced in the Complaint, but any self-serving statements contained within them cannot be conclusively proven by the judicial notice device, especially since they go to issues disputed in this litigation. *See Lee*, 250 F.3d at 688; *Troy*, 364 F. Supp. 2d at 1152. If anything, this purported evidence merely raises a triable issue of fact that should be presented to a jury.

   **C. Should the Court Choose to Consider Any of Defendants' Exhibits from "Outside the Pleadings," It "Must" Convert Defendants' Motions Into Motions for Summary Judgment and Allow Plaintiff to Take Discovery**

Should the Court choose to consider the truth of the content in any of the exhibits addressed above, in must convert defendants' motions into motions for summary judgment and afford plaintiff the opportunity to conduct discovery and present evidence in opposition of defendants' motions. Rule 12(d). Rule 12(d) states, in pertinent part, "[if], on a motion under Rule 12(b)(6)...matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Defendants' motions present exhibits from "outside the pleadings" in an attempt to contradict plaintiff's

---

[7] *See also Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996) ("When deciding a motion to dismiss a claim for securities fraud on the pleadings, a court may consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC; and (2) are actually filed with the SEC. Such documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents."); *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) (holding that the district court properly refused to take judicial notice of a corporation's Form 10-K to determine a fact in dispute – the number of corporate employees).

factual allegations. Defendants' reliance on these exhibits in their arguments clearly raises factual disputes between the parties, and such factual disputes cannot properly be resolved on a motion to dismiss. *See Network Equip. Techs.*, 762 F. Supp. at 1363 ("While defendants arguments on the facts may ultimately prevail upon a motion for summary judgment or at trial, they do not create a basis for dismissing plaintiffs' complaint."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("'Rule 12(b)(6) does not countenance...dismissals based on a judge's disbelief of a complaint's factual allegations.'").

To date, plaintiff has not been permitted to conduct any discovery, and is therefore unable to properly address the factual issues raised by defendants' motions and their improper reliance on materials from outside the pleadings. Therefore, if the Court considers these exhibits to the extent that they contain facts in dispute, the Court should convert defendants' motions into motions for summary judgment under Rule 12(d) and allow plaintiff to conduct discovery so that he may properly oppose defendants' motions.[8]

### III. CONCLUSION

For the reasons set forth above, plaintiff respectfully requests that the Court not consider the truth of the disputed facts in any of defendants' exhibits that have been improperly submitted with defendants' motions to dismiss. In the alternative, should the Court consider the truth of the content of the exhibits, plaintiff respectfully requests that the Court convert defendants' motions into motions for summary judgment.

---

[8] Even then, the Court still must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence. *See Lytly v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990) ("'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge....The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'").

| | |
|---|---|
| 1  DATED: June 30, 2011 | **KESSLER TOPAZ**<br>**MELTZER & CHECK, LLP** |
| 2 | |
| 3 | */s/ Ramzi Abadou* |
|   | Ramzi Abadou |
| 4 | Eli R. Greenstein |
|   | Stacey M. Kaplan |
| 5 | Erik D. Peterson |
| 6 | 580 California Street, Suite 1750 |
|   | San Francisco, CA 94104 |
| 7 | Telephone:  (415) 400-3000 |
|   | Facsimile:  (415) 400-3001 |
| 8 | |
| 9 | *Lead Counsel for Lead Plaintiff and the Class* |

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 30, 2011.

*/s/ Ramzi Abadou*
Ramzi Abadou

**Mailing Information for a Case 2:10-cv-06352-MMM -JCG**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case

- **Ramzi Abadou**
  rabadou@ktmc com,shebard@ktmc com

- **Seth A Aronson**
  saronson@omm com,LitigationCalendar@omm com

- **David E Bower**
  dblaw@mindspring com,dbower@zlk com

- **Arthur J Chen**
  Achen@aftlaw com

- **Jack G Fruchter**
  jfruchter@aftlaw com

- **Lionel Zevi Glancy**
  lglancy@glancylaw com

- **Michael Marc Goldberg**
  mmgoldberg@glancylaw com,dmacdiarmid@glancylaw com,asohrn@glancylaw com,info@glancylaw com,rprongay@glancylaw com,lglancy@glancylaw com

- **Eli R Greenstein**
  egreenstein@ktmc com

- **Stacey M. Kaplan**
  skaplan@ktmc com

- **Chet A Kronenberg**
  ckronenberg@stblaw com

- **Amy J Longo**
  alongo@omm com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw com,e_file_sd@rgrdlaw com

- **Brian Oliver O'Mara**
  bomara@rgrdlaw com,e_file_sd@rgrdlaw com

- **Erik David Peterson**
  epeterson@ktmc com,knguyen@ktmc com

- **Harriet S Posner**
  hposner@skadden com,gijones@skadden com,nberglun@skadden com

- **Robert Vincent Prongay**
  rprongay@glancylaw com

- **Darren J Robbins**
  e_file_sd@rgrdlaw com

- **Laurence M Rosen**
  lrosen@rosenlegal com

- **Mitchell M Z Twersky**
  mtwersky@aftlaw com

- **David C Walton**
  davew@rgrdlaw com,e_file_sd@rgrdlaw com

- **Christopher M Wood**
  cwood@rgrdlaw com,e_file_sd@rgrdlaw com,e_file_sf@rgrdlaw com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing)  You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients

```
Phillip Kim
The Rosen Law Firm PA
350 Fifth Ave Ste 5508
New York, NY 10118
```