1  Chet A. Kronenberg (State Bar No. 222335)
   ckronenberg@stblaw.com
2  Michael G. Freedman (State Bar No. 264041)
   mfreedman@stblaw.com
3  SIMPSON THACHER & BARTLETT LLP
   1999 Avenue of the Stars, 29th Floor
4  Los Angeles, California 90067
   Telephone: (310) 407-7500
5  Facsimile: (310) 407-7502

6  Attorneys for Defendants
   LION CAPITAL LLP and LION
7  CAPITAL (AMERICAS) INC.

8
                    UNITED STATES DISTRICT COURT
9
               FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
                            WESTERN DIVISION
11

12
   IN RE AMERICAN APPAREL, INC.  )  Case No. CV-10-6352 MMM (RCx)
13 SHAREHOLDER LITIGATION        )
                                 )  **REPLY MEMORANDUM IN**
14                               )  **FURTHER SUPPORT OF LION**
                                 )  **CAPITAL LLP AND LION CAPITAL**
15                               )  **(AMERICAS) INC.'S MOTION TO**
   This Document Relates To:     )  **DISMISS CONSOLIDATED CLASS**
16 ALL ACTIONS                   )  **ACTION COMPLAINT FOR**
                                 )  **VIOLATION OF FEDERAL**
17                               )  **SECURITIES LAWS**
                                 )
18                               )  Hon. Margaret M. Morrow
                                 )
19                               )  Courtroom: 780
                                 )  Date: September 12, 2011
20                               )  Time: 10:00 a.m.

21

22

23

24

25

26

27

28

Recycled    Reply Memorandum of Lion Capital LLP and Lion Capital (Americas) Inc.

## **TABLE OF CONTENTS**
**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................. 1

CONCLUSION .......................................................................................................... 4

Recycled    Table of Contents

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Batwin v. Occam Networks, Inc.*,
07-cv-2750, 2008 WL 2676364 (C.D. Cal. July 1, 2008)....................3

*Fouad v. Isilon Sys., Inc.*,
07-cv-1764, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008)............4

*Howard v. Everex Systems, Inc.*,
228 F.3d 1057 (9th Cir. 2000).................................................................3, 4

*In re Hansen Natural Corp. Securities Litigation*,
527 F. Supp. 2d 1142 (C.D. Cal. 2007)...............................................4

*In re McKesson HBOC Secs. Litig.*,
126 F. Supp. 2d 1248 (N.D. Cal. 2000).............................................2

*In re Surebeam Corp. Sec. Litig.*,
03-cv-1721, 2005 WL 5036360 (S.D. Cal. July 3, 2005) ...................3

*Metge v. Baehler*,
762 F.2d 621 (8th Cir. 1985).................................................................3

*Paracor Finance, Inc. v. General Elec. Capital Corp.*,
96 F.3d 1151 (9th Cir. 1996).................................................................3

*SEC v. Todd*,
07-cv-56098, 2011 WL 2473958 (9th Cir. June 23, 2011) ...........2, 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

Lion Capital respectfully submits this reply in further support of its motion to dismiss the Complaint.[1]

## PRELIMINARY STATEMENT

Plaintiff devotes just four paragraphs of his 50-page Opposition to his control person claim against Lion Capital. *See* Opp. at 48-50. As a factual matter, Plaintiff does not dispute that American Apparel's alleged misrepresentations—such as American Apparel's statement in its 2007 and 2008 SEC filings that its workers are "documented immigrants authorized to work in the United States" (Compl. ¶¶ 71, 73)—occurred *before* Lion Capital made its loan to American Apparel on March 16, 2009 and its two designees joined American Apparel's nine-member board on October 28, 2009. Accordingly, the time line for Plaintiff's control person claim against Lion Capital does not work.

As a legal matter, Plaintiff ignores: (i) the six cases cited by Lion Capital, including controlling Ninth Circuit authority, holding that lenders are not considered control persons under the securities laws; and (ii) the seven cases cited by Lion Capital holding that minority stock ownership and the ability to appoint a minority of the board is insufficient to state a claim for control person liability. Furthermore, Plaintiff does not cite a single case in which a plaintiff stated a control person claim against a lender. The fact that Lion Capital's loan purportedly "saved American Apparel from sure bankruptcy" (Opp. at 49) is not sufficient to state a control person claim against Lion Capital.

## ARGUMENT

As set out in Lion Capital's opening brief, Lion Capital's status as a lender, coupled with warrants for potential minority ownership of American Apparel common stock and minority board representation, is insufficient to impose control

---

[1] This brief uses the defined terms in Lion Capital's opening brief.

person liability against Lion Capital as a matter of law. In addition, the alleged misrepresentations by American Apparel occurred **before** Lion Capital made its loan to American Apparel on March 16, 2009, and its two designees joined American Apparel's nine member board on October 28, 2009.[2]

Plaintiff ignores the plethora of cases cited by Lion Capital in its opening brief and the relevant time line. Instead, Plaintiff makes a "straw person" argument, claiming that a plaintiff need not show that the defendant was a culpable participant in the primary securities violation. Opp. at 48-49. However, Lion Capital made no such argument in its opening brief. Rather, Lion Capital correctly stated that to satisfy the "control" element, a plaintiff "must plead . . . that defendants exercised 'a significant degree of day-to-day operational control, amounting to the power to dictate another party's conduct or operations.'" Lion Capital's Opening Br. at 6 (quoting *In re McKesson HBOC Secs. Litig.*, 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000)). The cases cited by Plaintiff are in accord. *See*, *e.g.*, *SEC v. Todd*, 2011 WL 2473958, at * 12 (9th Cir. June 23, 2011) ("indicia of 'control' include whether the [defendant] managed the company on a day-to-day basis and was involved in the formulation of financial statements").

Plaintiff claims that Lion Capital exercised actual power and control over American Apparel because: (i) Lion Capital entered into a "finance agreement" with American Apparel (Opp. at 48-49); (ii) Lion Capital "was empowered" to appoint two of American Apparel's nine directors, plus a board observer (*id.* at 49); (iii) "Lion Capital and Charney had a reciprocal voting agreement whereby each agreed to vote their shares in favor of reelection of each other's board seats" (*id.* at 49); and (iv) "Lion Capital had the ability to exercise the warrants it obtained as part of the financial agreement with American Apparel,

---

[2] In his Opposition, Plaintiff claims that Lion Capital exercised actual power and control over "American Apparel and the Individual Defendants." Opp. at 48-49. In the Complaint, however, Plaintiff alleges only that Lion Capital acted as a controlling person of American Apparel. Compl. ¶ 186.

regardless of whether it actually exercised the warrants" (*id.* at 49).  However, Plaintiff does not address the cases cited by Lion Capital holding that lender status, minority stock ownership and/or minority board representation do ***not*** satisfy the control person test.  Lion Capital's Opening Br. at 7-9.

As the Ninth Circuit stated in *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1162 (9th Cir. 1996), courts "have been very reluctant to treat lenders as controlling persons of their borrowers."  Indeed, in *Metge v. Baehler*, 762 F.2d 621 (8th Cir. 1985), which the Ninth Circuit cited with approval, the Eighth Circuit held that a lending bank was not a control person "despite the fact that it was the borrower's primary lender, had the ability to foreclose on loans, [and] held 17-18% of the borrower's stock, . . . ."  *Paracor*, 96 F.3d at 1162.

None of the cases Plaintiff relies upon involves a lender, and each is readily distinguishable.  Two of the cases—*In re Surebeam Corp. Sec. Litig.*, 2005 WL 5036360 (S.D. Cal. July 3, 2005), and *Batwin v. Occam Networks, Inc.*, 2008 WL 2676364 (C.D. Cal. July 1, 2008)—concern control person claims against majority shareholders.[3]  Here, Lion Capital is not even a shareholder of American Apparel, much less a majority shareholder.  Lion Capital merely has warrants that (if exercised) would give Lion Capital the ability to acquire an 18% minority stake in the company.  Compl. ¶ 164.  The other two cases cited by Plaintiff— *SEC v. Todd*, 2011 WL 2473958 (9th Cir. June 23, 2011), and *Howard v. Everex Systems, Inc.*, 228 F.3d 1057 (9th Cir. 2000), concern control person claims against individuals (*e.g.*, a CEO) with day-to-day management and control of their

---

[3] In *Surebeam*, a control person claim was stated against a parent company because the parent: (i) "owned 100% of [the subsidiary] at the time of the IPO and 84% of [the subsidiary] following the IPO"; and (ii) the parent had the power "to control the election of [the subsidiary's] directors" and "to control [the subsidiary's] management." *Surebeam*, 2005 WL 5036360, at *25.  And in *Batwin*, the plaintiffs stated a control person claim against certain venture capital defendants because their "majority stake in [the company] enabled them to control decisions such as [the company's] auditing and revenue recognition practices. . . ." *Batwin*, 2008 WL 2676364, at *26.

companies.[4]  Here, Plaintiff does not allege that Lion Capital exercised day-to-day management or control over American Apparel.

Finally, Plaintiff claims that Lion Capital's reliance on *In re Hansen Natural Corp. Securities Litigation*, 527 F. Supp. 2d 1142 (C.D. Cal. 2007), is "misleading" because, in *Hansen*, there was no primary violation. Opp. at 49-50. However, the control person allegations in *Hansen*, which this Court held were insufficient, are nearly identical to the allegations asserted by Plaintiff here against Lion Capital and the individual defendants (which Plaintiff improperly lump together). *Compare* Compl. ¶ 186 with *Hansen*, 527 F. Supp. 2d at 1163.

## **CONCLUSION**

Courts routinely dismiss control person claims at the pleading stage. *See*, *e.g.*, *Fouad v. Isilon Sys., Inc.*, 2008 WL 5412397, at * 13 (W.D. Wash. Dec. 29, 2008) (dismissing control person claims against three venture capital firms). For the reasons set forth above and in its opening brief, Lion Capital respectfully requests that the Court dismiss the Complaint against it with prejudice.

Dated: July 14, 2011

                                              SIMPSON THACHER & BARTLETT LLP

                                              By   */s/ Chet A. Kronenberg*
                                                      Chet A. Kronenberg
                                                      Michael G. Freedman

                                              Attorneys for Defendant
                                              LION CAPITAL LLP and LION
                                              CAPITAL (AMERICAS) INC.

---

[4] In *Todd*, the SEC stated a control person claim against a CEO because he had "general management and control of the business and the officers and the employees of the Company," and was responsible for the company's financial reporting. *Todd*, 2011 WL 2473958, at * 12. Similarly, in *Howard*, the plaintiff stated a control person claim against a director because of his "day-to-day management of [the company] and his review and signature of the financial statements" at issue. *Howard*, 228 F.3d at 1065-66.

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 1999 Avenue of the Stars, 29th Floor, Los Angeles, California 90067.

On **July 14, 2011,** I caused to be served the following document:

**REPLY MEMORANDUM IN FURTHER SUPPORT OF LION CAPITAL LLP AND LION CAPITAL (AMERICAS) INC.'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS**

on the interested party(ies) in this action by placing a true and correct copy of document(s) in a sealed envelope addressed as follows:

> **Phillip Kim**
> **The Rosen Law Firm PA**
> **350 Fifth Ave Ste 5508**
> **New York, NY 10118**

(X) [U.S. MAIL] I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in the United States mailed at Los Angeles, California. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

( ) [PERSONAL SERVICE] I caused the above-referenced document(s) to be delivered to the above-named person(s).

Executed on **July 14, 2011,** at Los Angeles, California.

I declare that I was retained by the office of a member of the bar of this court at whose direction the service was made.

_/s/ Marisela Licerio_
Marisela Licerio