SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
HARRIET S. POSNER (Bar No. 116097)
harriet.posner@skadden.com
PETER B. MORRISON (Bar No. 230148)
peter.morrison@skadden.com
GILA D. JONES (Bar No. 248213)
gila.jones@skadden.com
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Defendant
American Apparel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AMERICAN APPAREL, INC. SHAREHOLDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. CV-10-6352 MMM (RCx)<br><br>DEFENDANT AMERICAN APPAREL, INC.'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>Date: September 12, 2011<br>Time: 10:00 a.m.<br>Courtroom: 780<br><br>Hon. Margaret M. Morrow<br>Complaint Filed: April 29, 2011<br>Trial Date: TBD |

OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

1    Plaintiff seeks judicial notice of documents that are irrelevant to this action, redundant of documents submitted by American Apparel, Inc. ("American Apparel" or the "Company") in support of its Motion to Dismiss the Consolidated Class Action Complaint (or "MTD"), and contain information that Plaintiff has claimed is not the proper subject of judicial notice in his Opposition to American Apparel's Request for Judicial Notice (or "APP RJN").

Specifically, Exhibit 1 to the Declaration of Ramzi Abadou ("Abadou Declaration") is a video clip from NBC's Today Show, in which reporters interview Irene Morales, a former Company employee, who filed a harassment lawsuit against Defendant Dov Charney and the Company in 2011.  Ms. Morales' case indisputably has <u>no</u> bearing on Plaintiff's allegations in this litigation, <u>i.e.</u>, that Defendants purportedly misled investors with respect to the Company's efforts to comply with immigration laws, the effect employee terminations in connection with an Immigration and Customs Enforcement I-9 audit would have on American Apparel's operations, and the quality of the Company's internal control over financial reporting.  Quite plainly, Plaintiff offers the clip to distract the Court's and the parties' attention from the issues at hand, and, in particular, Plaintiff's failure to allege facts sufficient to support his claims for a violation of the securities laws.

Exhibit 5 is a <u>New York Times</u> article, entitled "Politics Wrapped in a Clothing Ad," published on January 18, 2008.  That article was submitted by the Company in support of its Motion to Dismiss in order to provide the Court with the full text of selectively quoted statements. (<u>See</u> APP RJN at 1, 5.)  Strangely, Plaintiff resubmits this article here.

Finally, Exhibit 10 is an article, entitled "Charney, in a First, Buys American Apparel Shares," published in <u>The Wall Street Journal</u> on March 25, 2009.  Plaintiff asserts that in the article – which reported Charney's 2009 purchase of $2.67 million worth of American Apparel shares – the author speculated (rather unremarkably) that Charney bought the stock "'to send a signal to investors.'" (<u>See</u> Plaintiff's Opp'n to MTD at 45.) Notwithstanding Plaintiff's submission of an article revealing Charney's <u>purchase</u> of the Company's common stock, Plaintiff, in contradictory fashion, opposes American Apparel's

1
OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

request for judicial notice of a Schedule 13D/A filed with the Securities and Exchange Commission ("SEC") on March 23, 2009, which discloses the very transaction. (See Plaintiff's Opp'n to APP RJN at 1.) Whether the Court considers Charney's purchase of stock by examining the Schedule 13D/A submitted by the Company or the Wall Street Journal article submitted by Plaintiff, the law is clear – the purchase of common stock during the Class Period undermines, rather than supports, any inference of scienter. See In re Impac Mortg. Holdings, Inc. Sec. Litig., 554 F. Supp. 2d 1083, 1100, n.11 (C.D. Cal. 2008) (no inference of scienter where defendants held or increased their shares); In re Allergan Inc. Sec. Litig., No. SACV 89-643ASH (RWR), 1993 WL 623321, at *37 (C.D. Cal. Nov. 29, 1993) (scienter allegations "economically implausible" in light of insiders' stock purchases).

Notwithstanding the foregoing, American Apparel does not oppose judicial notice of Exhibits 1, 3-10 to the Abadou Declaration to the extent that the documents are offered for the fact that the statements were made and not for the truth of their contents.[1] See Shurkin v. Golden State Vintners, Inc., 471 F. Supp. 2d 998, 1011 (N.D. Cal. 2006) (taking judicial notice of SEC filings "not for the truth of the statements contained therein, but for the fact that these documents were publicly-filed and for the fact that the statements made therein were made to the public of the dates specified."), aff'd 303 F. App'x 431 (9th Cir. 2008). However, the Company does oppose Plaintiff's request for judicial notice of Exhibit 2 to the Abadou Declaration, a copy of Peter J. Henning's article, "The Importance of Being Audited," published in the New York Times on June 13, 2011. The article sets forth the opinions of its author regarding "the importance of being audited." Plaintiff's own

---

[1] For example, Plaintiff's Opposition to the Company's Motion to Dismiss quotes a Wall Street Journal article for the opinion that "Charney is a master when it comes to PR and marketing." (Plaintiff's Opp'n to MTD at 45.) This opinion statement is not the proper subject of judicial notice. See Hardison v. Newland, No. C984517CRB(PR), 2003 WL 23025432, at *16 (N.D. Cal. Dec. 17, 2003) (noting that the reporter's opinion "is merely speculation and cannot be a 'fact' commonly known throughout the court's territory, or one that is capable of sufficient accurate and ready determination by other credible sources"); Ekdahl v. Ayers, No. C 07-3642 SBA(PR), 2008 WL 4344314, at *3 (N.D. Cal. Sept. 22, 2008) (denying request for judicial notice of two articles containing opinions regarding policy).

authority demonstrates that Exhibit 2 is not the proper subject of judicial notice because it contains no references to American Apparel.  In <u>Patel v. Parnes</u>, 253 F.R.D. 531 (C.D. Cal. 2008), the Court reviewed a request for judicial notice of various news articles regarding the housing market during the class period.  <u>Id.</u> at 549.  The Court noted that:

> [I]t is appropriate for the court to take judicial notice of news articles regarding the defendants' stock or corporate activities.  The court declines, however, to take judicial notice of articles that do not pertain directly to [the defendants' company].  The numerous cases that discuss news articles as part of the 'total mix' of information available to investors address only articles about the defendant's activities and performance, not articles about an industry as a whole.

<u>Id.</u> (granting request to strike articles that did not reference defendants).  Here, Exhibit 2 does not reference American Apparel, but rather, is a general commentary about reverse mergers.  Therefore, it is not the proper subject of judicial notice.

Additionally, Exhibit 2 is not the proper subject of judicial notice because, as a statement of opinion, it does not meet the standards enumerated in Rule 201(b) of the Federal Rules of Evidence.  <u>See</u> <u>Hardison</u>, 2003 WL 23025432, at *16.  "Although a court may take judicial notice of a newspaper article, petitioner must meet the burden of demonstrating that the facts of the article are either '(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' as required under Rule 201(b) of the Federal Rules of Evidence."  <u>Id.</u> at *5.  A statement of opinion is "merely speculation and cannot be a 'fact' commonly known or capable of sufficient accurate and ready determination by other credible sources."  <u>Id.</u> at *16 (denying request for judicial notice of an article providing "the reporter's <u>opinion</u>" regarding the strength of certain testimony."); <u>see also</u> <u>Ekdahl</u>, 2008 WL 4344314, at *3 (denying request for judicial notice of two articles containing opinions regarding policy); <u>Castaneda v. Saxon Mortg. Servs. Inc.</u>, 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009) (denying request for judicial notice of unpublished article "which expresses opinions of the author that may

1  reasonably be questioned."). Thus, for this alternative reason, Exhibit 2 is not the proper
2  subject of judicial notice.

4  DATED: July 14, 2011        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                               By:  _____s/Harriet S. Posner_____
                                          Harriet S. Posner
                                        Attorneys for Defendant
                                        American Apparel, Inc.

4
OPPOSITION TO REQUEST FOR JUDICIAL NOTICE