SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
HARRIET S. POSNER (Bar No. 116097)
harriet.posner@skadden.com
PETER B. MORRISON (Bar No. 230148)
peter.morrison@skadden.com
GILA D. JONES (Bar No. 248213)
gila.jones@skadden.com
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Defendant
American Apparel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AMERICAN APPAREL, INC. SHAREHOLDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. CV-10-6352 MMM (RCx)<br><br>(1) SECOND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT AMERICAN APPAREL, INC.'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT; and<br><br>(2) SECOND SUPPLEMENTAL DECLARATION OF GILA D. JONES.<br><br>Date:  September 12, 2011<br>Time:  10:00 a.m.<br>Courtroom:  780<br><br>Hon. Margaret M. Morrow<br>Complaint Filed:  April 29, 2011<br>Trial Date: TBD |

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant American Apparel, Inc. ("American Apparel" or the "Company") respectfully requests that the Court take judicial notice of the following document, attached to the concurrently filed Second Supplemental Declaration of Gila D. Jones ("Jones Declaration"):

1.      A true and correct copy of a January 9, 2012 Letter from Alka N. Patel, Assistant Regional Director, Securities and Exchange Commission, attached to the concurrently filed Jones Declaration as **Exhibit 29**.

## MEMORANDUM OF POINTS AND AUTHORITIES

1      Defendant American Apparel respectfully requests that the Court take judicial notice

2 of a January 9, 2012 letter from Alka N. Patel, Assistant Regional Director, Securities and

3 Exchange Commission ("SEC"), in which Ms. Patel informs counsel for American Apparel

4 that the SEC has completed its investigation of the Company and does not intend to

5 recommend that the SEC take any enforcement action.

6      This letter is submitted in support of American Apparel's Motion to Dismiss the

7 above-captioned action.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th

8 Cir. 2009) (when ruling on a motion to dismiss, the Court's review is "generally limited to

9 the face of the complaint, materials incorporated into the complaint by reference, and matters

10 of which we may take judicial notice."); Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1388 (9th

11 Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss.");

12 see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) ("'The court need

13 not . . . accept as true allegations that contradict matters properly subject to judicial

14 notice . . . .'") (citation omitted).  A court may take judicial notice of any document "capable

15 of accurate and ready determination by resort to sources whose accuracy cannot reasonably

16 be questioned."  Fed. R. Evid. 201(b).  When supplied with the necessary information to

17 demonstrate accuracy, judicial notice is mandatory.  See Fed. R. Evid. 201(d) ("A court shall

18 take judicial notice if requested by a party and supplied with the necessary information.").

19      Here, Plaintiff has alleged that the SEC "commenced [a] civil . . . investigation[] into

20 Deloitte's resignation and the Company's Class Period financial reporting and internal

21 controls.  The investigation[] [is] ongoing."  (CAC ¶ 12); see also Pl.'s Opp'n to American

22 Apparel's Mot. to Dismiss at 12 (American Apparel received "a subpoena from the SEC for

23 documents relating to the SEC's, now, formal investigation surrounding Deloitte's

24 resignation and the Company's financial reporting and internal controls.").)  The document

25 to be judicially noticed is a letter, dated January 9, 2012, in which Ms. Patel, Assistant

26 Regional Director of the SEC, informs counsel for American Apparel that the SEC's

27 "investigation has been completed as to American Apparel, Inc, against whom we do not

1  intend to recommend any enforcement action by the Commission."   (See Jones Decl., Ex. 29

2  (emphasis added).)    Courts in the Ninth Circuit have found that letter decisions by public

3  agencies, including the SEC, are the proper subject of judicial notice.  See, e.g., Batwin v.

4  Occam Networks, Inc., Case No. CV 07-2750 CAS (SHx), 2008 U.S. Dist. LEXIS 52365, at

5  *6 (C.D. Cal. July 1, 2008) ("The Court also takes judicial notice of a letter, proffered by the

6  Occam defendants, from the SEC Enforcement Division to counsel for the Occam

7  defendants . . . indicating that the SEC would not be taking any enforcement action against

8  Occam.  This letter, the authenticity of which is not challenged, is properly the subject of

9  judicial notice."); accord In re Intelligroup Sec. Litig., 527 F. Supp. 2d 262, 273 (D. N.J.

10  2007) (taking "judicial notice of the SEC No-action Letter for the limited purpose of

11  acknowledging that the SEC investigation of the matters related to Intelligroup's

12  Restatement was terminated without any enforcement action by the Commission . . . ."); see

13  also Torrance Redevelopment Agency v. Solvent Coating Co., 763 F. Supp. 1060, 1066 (C.D.

14  Cal. 1991) (taking judicial notice of letters sent to defendant by public agency because

15  agency's "documents, including letters, related to its activities are also public records subject

16  to public disclosure . . . ."); Ass'n of Irritated Residents v. C&R Vanderham Dairy, No. 1:05-

17  CV-01593 OWW SMS, 2007 U.S. Dist. LEXIS 70890, at *30 (E.D. Cal. Sept. 24, 2007)

18  (observing that "[a]ll letters transmitted by a government agency on agency letterhead are

19  self authenticating pursuant to Fed. R. Ev. 902(8)," and taking judicial notice of such letters

20  sent to defendant containing agency determinations); Lundquist v. Cont'l Cas. Co., 394 F.

21  Supp. 2d 1230, 1243 (C.D. Cal. 2005) ("It is well established that '[a] court may take judicial

22  notice of records and reports of administrative bodies' . . . .") (citation omitted).

23       Accordingly, Exhibit No. 29 is properly the subject of judicial notice.

24

25

26

27

28

1  DATED:  January 10, 2012      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

2

3

4                                    By: _____/s/Harriet S. Posner_____

5                                              Harriet S. Posner
                                              Attorneys for Defendant
                                              American Apparel, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2ND  SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE