KESSLER TOPAZ
MELTZER & CHECK, LLP
Ramzi Abadou (222567)
rabadou@ktmc.com
Eli R. Greenstein (217945)
egreenstein@ktmc.com
Stacey M. Kaplan (241989)
skaplan@ktmc.com
Erik D. Peterson (257098)
epeterson@ktmc.com
580 California Street, Suite 1750
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff and the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE AMERICAN APPAREL, INC. SHAREHOLDER LITIGATION | Case No. CV-10-6352 MMM (JCG) (**Consolidated**) |
| This Document Relates To: ALL ACTIONS | LEAD PLAINTIFF'S OPPOSITION TO AMERICAN APPAREL, INC.'S SECOND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT AMERICAN APPAREL, INC.'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT |

Defendant American Apparel, Inc. ("American Apparel" or the "Company") has made a "clearly inappropriate" request of the Court, *Procedures Relating to the Commencement of Enforcement Proceedings and Termination of Staff Investigations*, Securities Exchange Act of 1933, Release No. 5310, 1972 SEC LEXIS 238, at *7 (Sept. 27, 1972), and it should be denied. American Apparel seeks judicial notice of a communication from the SEC indicating that the SEC does not intend to recommend any enforcement by the Commission against American Apparel. American Apparel's failure to advise the Court that a federal statute (15 U.S.C. §78z), SEC regulations, and case law preclude any inference from the letter as "clearly inappropriate and improper." *Procedures Relating to the Commencement of Enforcement Proceedings and Termination of Staff Investigations*, 1972 SEC LEXIS 238, at *7; *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 200 n.5 (2d Cir. 2009) ("SEC charges simply are not a prerequisite to pleading recklessness to accounting and financial reporting violations.").

Indeed, Exhibit 29 to the Second Supplemental Declaration of Gila D. Jones makes clear that:

> Even if such advice is given, however, it ***must in no way*** be construed as indicating that the party has been exonerated or that no action may ultimately result from the staff's investigation of that particular matter. All that such a communication means is that the staff has completed its investigation and that at that time no enforcement action has been recommended to the Commission. ***The attempted use of such a communication as a purported defense in any action that might be subsequently brought against the party, either civilly or criminally, would be clearly inappropriate and improper***.

*Id.* at 6. In other words, the SEC's decisions on what charges to bring, whom to charge, and when to settle do not bind private plaintiffs or constitute *res judicata*, and do not undermine plaintiff's particularized claims of fraud. These policies are important as there are numerous undisclosed reasons why the SEC may decide to forgo charging a particular, including: the lack of adequate resources, staffing considerations, prioritization of cases, risk of losing at trial, strength of negotiating strategy, political considerations, plea bargaining and prosecutorial discretion.

-1-

Indeed, the SEC itself acknowledges that such decisions "may be based upon various reasons, some of which, such as workload considerations, are clearly irrelevant to the merits of any subsequent action." *Procedures Relating to the Commencement of Enforcement Proceedings and Termination of Staff Investigations*, 1972 SEC LEXIS 238, at *7-*8. Moreover, "[a]lthough the SEC ultimately decided not to prosecute Defendants for fraud, the Court finds that the SEC's discretionary determination with respect to prosecution is not determinative of whether Defendants, in fact, committed securities fraud." *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 975 n.15 (N.D. Cal. 2009). *See also In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1245 (N.D. Cal. 2008) (denying motion to dismiss, finding the SEC's decision not to charge defendant "did not 'clear' [defendant] of wrongdoing"); *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*, 633 F. Supp. 2d 763, 796 (D. Ariz. 2009) ("[T]he SEC's decision not to take any enforcement action **does not** undercut a finding of scienter.") (emphasis added); *In re Cirrus Logic, Inc.*, 2008 U.S. Dist. LEXIS 71195 (W.D. Tex. 2008) (same).

Additionally, it bears noting that non-action on the part of the SEC is not a particularly instructive indication as to whether Lead Plaintiff's Consolidated Class Action Complaint should be sustained. *See*, *e.g.*, *United States SEC v. Citigroup Global Mkts. Inc.*, 2011 U.S. Dist. LEXIS 135914, at *3, *20-*21 (S.D.N.Y. 2011) ("Although this would appear to be tantamount to an allegation of knowing and fraudulent intent ('scienter,' in the lingo of securities law), the S.E.C, for reasons of its own, chose to charge Citigroup only with negligence."); *SEC v. Zurich Fin. Servs.*, 2011 U.S. Dist. LEXIS 112298, at *1-*2, *9 (S.D.N.Y. 2011) ("This case presents yet again the confounding question: who will guard the guardians?"); *SEC v. Vitesse Semiconductor Corp.*, 771 F. Supp. 2d 304, 309 (S.D.N.Y. 2011); *SEC v. Bank of Am. Corp.*, 653 F. Supp. 2d 507, 508-11 (S.D.N.Y. 2009). Ultimately, the Court's ruling on the Company's motion to dismiss should not countenance, let alone grant, Defendant's Second Supplemental Request for Judicial Notice.

| | | |
|---|---|---|
| 1 | DATED: January 10, 2012 | KESSLER TOPAZ<br>MELTZER & CHECK, LLP |
| 2 | | |
| 3 | | */s/ Ramzi Abadou*<br>Ramzi Abadou |
| 4 | | Eli R. Greenstein<br>Stacey M. Kaplan |
| 5 | | Erik D. Peterson<br>580 California Street, Suite 1750 |
| 6 | | San Francisco, CA 94104<br>Telephone:  (415) 400-3000 |
| 7 | | Facsimile:  (415) 400-3001 |

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 10, 2012.

*/s/ Ramzi Abadou*
Ramzi Abadou

# Mailing Information for a Case 2:10-cv-06352-MMM -JCG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  rabadou@ktmc.com,csheppard@ktmc.com

- **Seth A Aronson**
  saronson@omm.com,LitigationCalendar@omm.com

- **David E Bower**
  dblaw@mindspring.com,dbower@zlk.com

- **Arthur J Chen**
  Achen@aftlaw.com

- **Jennifer H Cheng**
  jennifercheng@omm.com

- **Michael G Freedman**
  mfreedman@stblaw.com

- **Jack G Fruchter**
  jfruchter@aftlaw.com

- **Lindsay Lara Geida**
  lgeida@omm.com,hbattistoni@omm.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com

- **Eli R Greenstein**
  egreenstein@ktmc.com

- **Gila D Jones**
  gila.jones@skadden.com

- **Stacey M Kaplan**
  skaplan@ktmc.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Chet A Kronenberg**
  ckronenberg@stblaw.com

- **Amy J Longo**
  alongo@omm.com

- **Peter Bradley Morrison**
  peter.morrison@skadden.com,alejandra.lopez@skadden.com,allison.velkes@skadden.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Erik David Peterson**
  epeterson@ktmc.com,knguyen@ktmc.com

- **Harriet S Posner**
  hposner@skadden.com,gijones@skadden.com,nberglun@skadden.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Mitchell M Z Twersky**
  mtwersky@aftlaw.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher M Wood**
  cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)