1    KESSLER TOPAZ MELTZER
        & CHECK, LLP
2    Eli R. Greenstein (217945)
3    egreenstein@ktmc.com
     Stacey M. Kaplan (241989)
4    skaplan@ktmc.com
     Paul A. Breucop (278807)
5    pbreucop@ktmc.com
     Ioana A. Brooks (253123)
6    ibrooks@ktmc.com
     One Sansome Street, Suite 1850
7    San Francisco, CA 94104
     Telephone:  (415) 400-3000
8    Facsimile:  (415) 400-3001
9
     *Lead Counsel for Lead Plaintiff and the Class*
10
     [Additional Counsel on Next Page]
11
12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13                   **WESTERN DIVISION**
14
     IN RE AMERICAN APPAREL, INC.        Case No. CV-10-6352 MMM (JCGx)
15   SHAREHOLDER LITIGATION             (**Consolidated**)
16                                       **FINAL JUDGMENT**
     This Document Relates To: All
17   Actions
18
19
20
21
22
23
24
25
26
27
28

1   SKADDEN, ARPS, SLATE, MEAGHER
       & FLOM LLP
2   Harriet S. Posner (116097)
    harriet.posner@skadden.com
3   Peter B. Morrison (230148)
    peter.morrison@skadden.com
4   Allison B. Holcombe (268198)
    allison.holcombe@skadden.com
5   300 South Grand Avenue
6   Los Angeles, California 90071-3144
    Telephone: (213) 687-5000
7   Facsimile: (213) 687-5600

8   *Attorneys for Defendant*
9   *American Apparel, Inc.*

10  O'MELVENY AND MYERS LLP
    Seth A. Aronson (100153)
11  saronson@omm.com
    400 South Hope Street 18th Floor
12  Los Angeles, CA 90071-2899
13  Telephone:  (213) 430-6000
    Facsimile:  (213) 430-6407
14
    *Attorneys for Defendants*
15  *Dov Charney and Adrian Kowalewski*

16
    SIMPSON THACHER
17     & BARTLETT LLP
    Chet A. Kronenberg (222335)
18  ckronenberg@stblaw.com
    1999 Avenue of the Stars 29th Floor
19  Los Angeles, CA 90067-4607
20  Telephone:  (310) 407-7500
    Facsimile:  (310) 407-7502
21
    *Attorneys for Defendants*
22  *Lion Capital LLP and Lion Capital (Americas) Inc.*

23

24

25

26

27

28

1    WHEREAS, a consolidated class action is pending before this Court
2    captioned *In re American Apparel, Inc. Shareholder Litigation*, Case No. CV-10-
3    6352 MMM (JCGx) (the "Action");

4    WHEREAS, this matter came before the Court for hearing pursuant to the
5    Order Preliminarily Approving Settlement and Providing for Notice dated April 16,
6    2014 (the "Preliminary Approval Order"), and on the application of the parties for
7    approval of the settlement set forth in the Stipulation and Agreement of Settlement
8    dated January 17, 2014 (the "Stipulation") entered into by Charles Rendelman (the
9    "Lead Plaintiff"), on behalf of himself and the Class (as defined herein), and
10   defendants American Apparel, Inc. ("American Apparel" or the "Company"), Dov
11   Charney, Adrian Kowalewski, Lion Capital LLP and Lion Capital (Americas) Inc.
12   (collectively, the "Defendants");  and

13   WHEREAS, due and adequate notice having been given to the Class,
14   pursuant to the Preliminary Approval Order, and the Court having considered all
15   papers filed and proceedings had herein and otherwise being fully informed in the
16   premises and good cause appearing therefore;

17   IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

18   1.    This Final Judgment (the "Judgment") incorporates by reference the
19   definitions in the Stipulation and all terms used herein shall have the same
20   meanings as set forth in the Stipulation.

21   2.    This Court has jurisdiction over the subject matter of the Action, and
22   over all Parties to the Action, including all members of the Class.

23   3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court
24   hereby certifies the Action as a class action for purposes of the Settlement.  The
25   Class consists of all persons and entities who purchased or otherwise acquired the
26   publicly traded common stock of American Apparel between November 28, 2007
27   and August 17, 2010, inclusive.  Excluded from the Class are Defendants, the
28   directors and officers of American Apparel and their families and affiliates.  Also

FINAL JUDGMENT                                                    - 1 -
CV-10-6352 MMM (JCG)

1    excluded from the Class are all persons and entities who excluded themselves from

2    the Class by timely requesting exclusion in accordance with the requirements of the

3    Notice, a list of which is attached hereto as Exhibit 1.

4            4.      With respect to the Class, this Court finds, solely for the purposes of

5    the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3)

6    have been satisfied in that:

7            (a)     members of the Class are so numerous that joinder of all Class

8    Members in the Action is impracticable;

9            (b)     there are questions of law and fact common to the Class;

10           (c)     the claims by Lead Plaintiff, as class representative, are typical

11   of the claims of the Class;

12           (d)     Lead Plaintiff and Lead Counsel have and will fairly and

13   adequately represent and protect the interests of Class Members;

14           (e)     the questions of law and fact common to the members of the

15   Class predominate over any questions affecting only individual members; and

16           (f)     a class action is superior to other available methods for the fair

17   and efficient adjudication of the controversy, considering:  (i) the interests of the

18   Class Members in individually controlling the prosecution of separate actions; (ii)

19   the extent and nature of any litigation concerning the controversy already

20   commenced by Class Members; and (iii) the desirability or undesirability of

21   concentrating the litigation of these claims in this particular forum.

22           5.      Pursuant to Rule 23, and solely for the purposes of the Settlement, the

23   Court further finally certifies Lead Plaintiff as class representative for the Class and

24   appoints Lead Counsel as counsel for the Class.

25           6.      The Court hereby finds that notice of the pendency of this Action as a

26   class action and of the proposed Settlement -- including the plan of allocation, the

27   attorneys' fees and expenses sought by Lead Counsel, and the incentive award

28   sought by Lead Plaintiff Charles Rendelmann -- was given to all Class Members

1    who could be identified with reasonable effort.  The notification provided for and

2    given to the Class was in compliance with the Preliminary Approval Order, and it

3    constituted the best notice practicable under the circumstances, including individual

4    notice to all Class Members who could be identified through reasonable effort.  The

5    distribution of the Notice and the publication of the Summary Notice provided the

6    best notice practicable under the circumstances of those proceedings and of the

7    matters set forth therein, including the proposed Settlement set forth in the

8    Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the

9    requirements of Rule 23; Section 21D(a)(7) of the Securities Exchange Act of

10   1934, as amended by the Private Securities Litigation Reform Act of 1995, 15

11   U.S.C. §78u-4(a)(7), the Constitution of the United States, and any other applicable

12   law, and it is further determined that all members of the Class (excluding those

13   Persons listed on Exhibit 1 hereto) are bound by the Judgment herein.

14          7.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby

15   approves the Settlement set forth in the Stipulation and finds that the Settlement is,

16   in all respects, fair, reasonable, and adequate to Lead Plaintiff and the Class.  The

17   Court further finds that the Settlement set forth in the Stipulation is the result of

18   arm's-length negotiations between experienced counsel representing the interests of

19   the Parties and is in the best interest of the Class.  The Court further finds that the

20   record is sufficiently developed and complete to have enabled the Parties to have

21   adequately evaluated and considered their positions.  Accordingly, the Settlement

22   embodied in the Stipulation is hereby finally approved in all respects.  The Parties

23   are hereby directed to perform its terms.

24          8.      The Action and all claims included therein, as well as all of the Settled

25   Claims (defined in the Stipulation and in Paragraph 9(b) below) are dismissed with

26   prejudice as to Lead Plaintiff and the other members of the Class, and as against

27   each and all of the Released Parties (defined in the Stipulation and in Paragraph

28

1    9(a) below).  The Parties are to bear their own costs, except as otherwise provided
2    in the Stipulation.

3        9.    As used in this Judgment, the terms "Released Parties," "Settled
4    Claims," "Released Parties' Claims," and "Unknown Claims" shall have the
5    meanings as provided in the Stipulation, and specified below:

6        (a)    "Released Parties" means the Defendants and their respective
7    past or present officers, directors, partners, members, parents, subsidiaries,
8    controlling persons, affiliates, employees, agents, attorneys, auditors, underwriters,
9    insurers, representatives, spouses, immediate family members, heirs, predecessors,
10   successors in interest and assigns of the Defendants.

11       (b)    "Settled Claims" means, to the extent allowed by law, all
12   claims and causes of action of every nature and description, whether known or
13   unknown, whether arising under federal, state, common or foreign law, that Lead
14   Plaintiff or any other member of the Class (a) asserted in the Complaint, or (b)
15   could have asserted in any forum that arise out of or are based upon the allegations,
16   transactions, facts, matters or occurrences, representations or omission involved,
17   set forth, or referred to in the Complaint and that relate to the purchase or other
18   acquisition of the publicly-traded common stock of American Apparel during the
19   Class Period.  Notwithstanding the foregoing, "Settled Claims" does not include
20   claims asserted in any derivative action or ERISA action based on similar
21   allegations or any claims relating to the enforcement of the Settlement.

22       (c)    "Released Parties' Claims" means, to the extent allowed by
23   law, all claims and causes of action of every nature and description, whether
24   known or unknown, whether arising under federal, state, common or foreign law,
25   that arise out of or relate in any way to the institution, prosecution, or settlement of
26   the claims against the Defendants, except for claims relating to the enforcement of
27   the Settlement.

28

1          (d)    "Unknown Claims" means any and all Settled Claims that Lead

2    Plaintiff and/or any Class Member does not know or suspect to exist in his, her or

3    its favor as of the Effective Date and any Released Parties' Claims that Defendants

4    or any Released Party does not know or suspect to exist in his, her or its favor as of

5    the Effective Date, which if known by him, her or it might have affected his, her or

6    its decision(s) with respect to the Settlement.  With respect to any and all Settled

7    Claims and Released Parties' Claims, the Parties stipulate and agree that upon the

8    Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each

9    Class Member and Released Party shall be deemed to have waived, and by

10   operation of the Judgment shall expressly have waived, any and all provisions,

11   rights and benefits conferred by any law of any state of the United States, or

12   principle of common law or otherwise, which is similar, comparable, or equivalent

13   to California Civil Code §1542, which provides:

14          A general release does not extend to claims which the creditor does

15          not know or suspect to exist in his or her favor at the time of

16          executing the release, which if known by him or her must have

17          materially affected his or her settlement with the debtor.

18   The Parties acknowledge, and Class Members and Released Parties by operation of

19   law shall be deemed to have acknowledged, that the inclusion of "Unknown

20   Claims" in the definition of Settled Claims and Released Parties' Claims was

21   separately bargained for and was a key element of the Settlement.

22          10.    Upon the Effective Date of the Settlement, Lead Plaintiff and

23   members of the Class, on behalf of themselves and each of their heirs, executors,

24   administrators, successors and assigns, shall, with respect to each and every Settled

25   Claim, release and forever discharge, and shall forever be enjoined from

26   prosecuting, any Settled Claims against any of the Released Parties, regardless of

27   whether or not such Class Member executed and delivers a Proof of Claim Form.

28

1      11.    Upon the Effective Date of the Settlement, each of the Released

2   Parties, on behalf of themselves and each of their heirs, executors, administrators,

3   successors and assigns, shall, with respect to each and every Released Parties'

4   Claim, release and forever discharge, and shall forever be enjoined from

5   prosecuting any of the Released Parties' Claims against Lead Plaintiff, and his

6   attorneys, and all other Class Members.

7      12.    The Stipulation and all negotiations, statements, and proceedings in

8   connection therewith shall not, in any event, be construed or deemed to be evidence

9   of an admission or concession on the part of Lead Plaintiff, any Defendant, any

10   member of the Class, or any other Person, of any liability or wrongdoing of any

11   nature by them, or any of them, and shall not be offered or received in evidence in

12   any action or proceeding (except an action to enforce the Stipulation and

13   Settlement contemplated thereby), or be used in any way as an admission,

14   concession, or evidence of any liability or wrongdoing of any nature, and shall not

15   be construed as, or deemed to be evidence of, an admission or concession that Lead

16   Plaintiff, any member of the Class, or any other Person, has or has not suffered any

17   damage.

18      13.    The Court finds that all Parties and their counsel have complied with

19   each requirement of the Private Securities Litigation Reform Act of 1995 and Rule

20   11 of the Federal Rules of Civil Procedure as to all proceedings herein.

21      14.    Only those Class Members filing valid Claim Forms shall be entitled

22   to participate in the Settlement and to receive a distribution from the Settlement

23   Fund.  The Claim Form to be executed by Class Members shall further release all

24   Settled Claims against the Released Parties.  All Class Members shall, as of the

25   Effective Date, be bound by the releases set forth herein whether or not they submit

26   a valid and timely Claim Form.

27      15.    No Authorized Claimant shall have any claim against Lead Plaintiff,

28   Lead Counsel, the Claims Administrator, or any other agent designated by Lead

1  Counsel based on the distributions made substantially in accordance with the

2  Settlement and Plan of Allocation as approved by the Court and further orders of

3  the Court.   No Authorized Claimant shall have any claim against Defendants,

4  Defendants' Counsel, or any of the Released Parties with respect to the investment

5  or distribution of the Net Settlement Fund, the determination, administration,

6  calculation or payment of claims, the administration of the escrow account, or any

7  losses incurred in connection therewith, the Plan of Allocation, or the giving of

8  notice to Class Members.

9       16.     The Court finds and concludes that the formula for the calculation

10  of the Claims of Claimants as set forth in the Plan of Allocation mailed to Class

11  Members provides a fair and reasonable basis upon which to allocate the proceeds

12  of the Net Settlement Fund among eligible Class Members with due consideration

13  having been given to administrative convenience and necessity.   The court

14  therefore finds and concludes that the Plan of Allocation is, in all respects, fair and

15  reasonable to the Class.   Accordingly, the Court approves the Plan of Allocation

16  proposed by Lead Plaintiff.

17       17.     Any order modifying the Plan of Allocation set forth in the Notice or

18  Lead Counsel's request for attorneys' fees and reimbursement of Litigation

19  Expenses and/or Lead Plaintiff's request for reimbursement of costs and expenses

20  (including lost wages) in connection with his representation of the Class shall not

21  disturb or affect the finality of this Judgment, the Stipulation or the Settlement

22  contained therein.

23       18.     Without affecting the finality of this Judgment in any way, the Court

24  reserves exclusive and continuing jurisdiction over the Action, Lead Plaintiff, the

25  Class, and the Released Parties for the purposes of:   (1) supervising the

26  implementation, enforcement, construction, and interpretation of the Stipulation,

27  the Plan of Allocation, and this Judgment; (2) hearing and determining any request

28  by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation

1  Expenses and/or any request of Lead Plaintiff for reimbursement of costs and

2  expenses (including lost wages) in connection with his representation of the Class;

3  and (3) supervising the distribution of the Settlement Fund.

4       19.   In the event that the Settlement does not become effective in

5  accordance with the terms of the Stipulation or in the event that the Settlement

6  Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be

7  rendered null and void to the extent provided by and in accordance with the

8  Stipulation and shall be vacated and, in such event, all orders entered and releases

9  delivered in connection herewith shall be null and void to the extent provided by

10  and in accordance with the Stipulation.

11       20.   Lead Counsel is awarded attorneys' fees in the amount of

12  $1,200,000.00, which constitutes 25% of the common fund created by the

13  Settlement and which the court finds to be fair and reasonable.  Lead Counsel is

14  also awarded reasonable expenses in the amount of $211,305.91.  The foregoing

15  attorneys' fees and expenses shall be paid from the Settlement Fund in accordance

16  with the terms of the Stipulation.

17       21.   Lead Plaintiff Charles Rendelman is awarded $6,600.00 from the

18  Settlement Fund as reimbursement for his reasonable costs and expenses directly

19  relating to his representation of the Class.

20

21

22

23

24

25

26

27

28

1

2       22.     Any appeal or any challenge affecting this Court's approval of

3   ~~regarding~~ any attorneys' fees and expense application shall in no way disturb or

4   affect the finality of this Judgment.

5       23.     The action is hereby dismissed.

6

7   DATED:  July 29, 2014

8

9                                   _____

10                                      HON. MARGARET M. MORROW
                                    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

## List of Persons Excluded from the Class

1.      Stephen G. Fridl
         Asheville, NC

---

FINAL JUDGMENT                                                         - 10 -
CV-10-6352 MMM (JCG)