KESSLER TOPAZ MELTZER
& CHECK, LLP
Eli R. Greenstein (217945)
egreenstein@ktmc.com
Stacey M. Kaplan (241989)
skaplan@ktmc.com
Paul A. Breucop (278807)
pbreucop@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

IN RE AMERICAN APPAREL, INC. SHAREHOLDER LITIGATION

This Document Relates To: All Actions

Case No. CV-10-6352 MMM (JCG)
(**Consolidated**)

**CLASS ACTION**

**LEAD PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: TBD
Time: TBD
Room: 780 - Temple Street Courthouse
Judge: Hon. Margaret M. Morrow

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, at a date and time to be determined, in Courtroom 780 of the United States District Court for the Central District of California, U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, the Honorable Margaret M. Morrow presiding, Lead Plaintiff Charles Rendelman will and hereby does move for an Order pursuant to Rule 23 of the Federal Rules of Civil Procedure: (i) approving the administrative determinations of Gilardi & Co. LLC ("Gilardi"), the Court-authorized claims administrator for the settlement of the above-captioned action ("Settlement"), accepting and rejecting the claims submitted in connection with the Settlement; (ii) directing payment out of the Net Settlement Fund to Gilardi for the balance of its fees and expenses incurred to date in connection with the administration of the Settlement and expected to be incurred through the initial distribution of the Net Settlement Fund; (iii) directing distribution of the Net Settlement Fund, after deduction of the payment requested herein, to Class Members whose Proof of Claim and Release forms ("Claim Forms" or "Claims") have been accepted for payment by the Court ("Authorized Claimants"); (iv) directing that distribution checks state that the check must be cashed within 120 days after the issue date; (v) approving the plan for re-distribution and/or donation of any funds remaining in the Net Settlement Fund following distribution to Authorized Claimants; (vi) directing that Authorized Claimants will forfeit all recovery from the Settlement if they fail to cash their distribution checks in a timely manner; (vii) authorizing destruction of paper copies of Claims one year after distribution of the Net Settlement Fund and electronic copies of claim records three years after distribution of the Net Settlement Fund; and (viii) providing that the Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as the Court deems appropriate.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Lara McDermott in Support of Motion for Distribution of the Net Settlement Fund (the "McDermott Declaration" or "McDermott Decl.") and the exhibits thereto, the pleadings and records on file in this action, and other such matters and argument as the Court may consider at the hearing of this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 12, 2016 and August 31, 2016. Counsel for Defendants has advised Lead Counsel that Defendants do not oppose this Motion.

A [Proposed] Order Authorizing Distribution of the Net Settlement Fund is being submitted herewith.

DATED: September 2, 2016

Respectfully submitted,

KESSLER TOPAZ
MELTZER & CHECK, LLP

*/s/ Paul A. Breucop*

Eli R. Greenstein
Stacey M. Kaplan
Paul A. Breucop
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff and the Class*

# TABLE OF CONTENTS


**Page**

BACKGROUND ON THE SETTLEMENT ........ - 1 -
THE SETTLEMENT FUND ........ - 3 -
CLAIMS ADMINISTRATION ........ - 4 -
DEFICIENT AND REJECTED CLAIMS ........ - 4 -
ADMINISTRATIVE DETERMINATIONS FOR SUBMITTED CLAIMS ...... - 5 -
I. Submitted Claims Recommended for Acceptance ........ - 5 -
II. Submitted Claims Recommended for Rejection ........ - 6 -
FEES AND EXPENSES OF CLAIMS ADMINISTRATOR AND TAXES ...... - 7 -
DISTRIBUTION PROCESS ........ - 8 -
RELEASE OF CLAIMS ........ - 9 -
RECORD RETENTION AND DESTRUCTION ........ - 10 -
CONCLUSION ........ - 10 -

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff hereby submits this memorandum in support of the motion for an order, pursuant to Federal Rule of Civil Procedure 23(e), approving the plan for distribution of the Net Settlement Fund to eligible Class Members as set forth in the accompanying McDermott Declaration submitted on behalf of Gilardi, the Court-authorized claims administrator for the Settlement of the above-captioned action (the "Action").[1]

## BACKGROUND ON THE SETTLEMENT

Lead Plaintiff (on behalf of the Class) and the defendants American Apparel, Inc. ("American Apparel"), Dov Charney, Adrian Kowalewski, Lion Capital LLP and Lion Capital (Americas) Inc. (collectively, the "Defendants" and, together with Lead Plaintiff, the "Parties") entered the Stipulation, wherein the Parties agreed, in substance, that in exchange for the payment of $4,800,000, plus any accrued interest (the "Settlement Fund"), there would be a full and complete settlement of all Settled Claims against Defendants and the other Released Parties.[2] The Settlement Fund, net of any taxes on the income thereof, and net of any funds used

---

[1] Pursuant to ¶ 19 of the Stipulation and Agreement of Settlement dated January 17, 2014 (the "Stipulation") previously filed with the Court on January 17, 2014 (Dkt. No. 182): "Lead Counsel shall apply to the Court for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of Claims and, upon the Effective Date (as defined in ¶ 34 [of the Stipulation]), directing payment of the Net Settlement Fund to Authorized Claimants." Unless otherwise defined, all capitalized terms used herein shall have the meanings set forth in the Stipulation and the McDermott Declaration submitted herewith.

[2] "Released Parties" means the Defendants and their respective past or present officers, directors, partners, members, parents, subsidiaries, controlling persons, affiliates, employees, agents, attorneys, auditors, underwriters, insurers, representatives, spouses, immediate family members, heirs, predecessors, successors in interest and assigns of the Defendants.

to pay Court-awarded attorneys' fees and expenses and other costs, including notice and administrative costs and escrow fees, is the Net Settlement Fund.

By its Order Preliminarily Approving Settlement and Providing for Notice dated April 16, 2014 (Dkt. No. 184) (the "Preliminary Approval Order"), the Court directed that the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing (the "Notice") be mailed to all members of the Class who could be identified through reasonable effort.[3] The mailing of the Notice was conducted in accordance with the Preliminary Approval Order.[4] Thereafter, the Court held a hearing on July 28, 2014 to consider, among other things, whether the proposed Settlement should be granted final approval. By its Final Judgment dated July 29, 2014 (Dkt. No. 193), the Court: (i) approved the Settlement, in all respects, as fair, reasonable and adequate and in the best interest of the Class; (ii) approved the Plan of Allocation, in all respects, as fair and reasonable to the Class; (iii) declared the notice procedures to be proper; and (iv) dismissed the Action with prejudice. In

---

[3] Pursuant to the Preliminary Approval Order, the Court certified, solely for purposes of effectuating the Settlement, pursuant to Federal Rule of Civil Procedure 23, a class consisting of all persons and entities who purchased or otherwise acquired the publicly traded common stock of American Apparel between November 28, 2007 and August 17, 2010, inclusive (the "Class"). Excluded from the Class are Defendants, the directors and officers of American Apparel and their families and affiliates. Also excluded from the Class are all persons and entities who excluded themselves from the Class by timely requesting exclusion in accordance with the requirements set forth in the Notice, as set forth on Exhibit 1 to the Court's Final Judgment dated July 29, 2014 (Dkt. No. 193).

[4] *See* Declaration of Nashira Washington Regarding (A) Mailing of the Notice and Proof of Claim, (B) Publication of the Summary Notice, and (C) Requests for Exclusion Received to Date dated June 20, 2014 (Dkt. No. 188-2) and Supplemental Declaration of Carole K. Sylvester Regarding (A) Mailing of the Notice and Proof of Claim, (B) Requests for Exclusion Received, and (C) Proofs of Claim Received to Date dated July 11, 2014 (Dkt. No. 190-1).

addition, the Court reserved exclusive and continuing jurisdiction over the distribution of the Settlement Fund. *See* Final Judgment at ¶ 18.

Moreover, the Court authorized the retention of Gilardi to supervise and administer the notice and claims procedures as well as the processing of Claims and to effectuate distribution of the Net Settlement Fund. *See* Preliminary Approval Order at ¶ 6. Gilardi has consented to this Court's jurisdiction.

**THE SETTLEMENT FUND**

Pursuant to the terms of the Stipulation, the American Apparel Defendants (*i.e.*, American Apparel, Dov Charney and Adrian Kowalewski) caused their directors and officers insurance carriers to pay $4.8 million into an escrow account established by Lead Counsel for the benefit of the Class. In total, $10,192.27 in income has been earned on the settlement proceeds from the date of the initial deposit through August 31, 2016. In addition, the following amounts have been paid from the Settlement Fund: (i) a total of $153,067.39 in administrative related expenses;[5] (ii) $1,411,305.91 in attorneys' fees and expenses awarded by the Court;[6] and (iii) $6,600.00 to Lead Plaintiff as reimbursement for his reasonable

---

[5] Under the terms of the Stipulation, Lead Counsel was authorized to pay from the Settlement Fund the costs and expenses incurred in connection with, *inter alia*, publication of the Summary Notice, printing and mailing the Notice and Claim Form, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners and processing submitted Claim Forms without further order of the Court or approval of Defendants. *See* Stipulation at ¶ 15; *see also* ¶ 20 of the Preliminary Approval Order ("The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.").

[6] Pursuant to its Final Judgment dated July 29, 2014, the Court awarded Lead Counsel 25% of the Settlement Fund (or $1,200,000) in attorneys' fees and $211,305.91 in expenses.

costs and expenses directly relating to his representation of the Class.[7] As of August 31, 2016, the balance of the Net Settlement Fund was $3,239,218.97.

**CLAIMS ADMINISTRATION**

In accordance with the Notice, Class Members wishing to participate in the Settlement were required to complete a Claim Form and to mail the Claim Form, together with supporting documentation, to the post office box identified in the Notice, which was maintained by Gilardi, postmarked by September 2, 2014. Employees of Gilardi have carefully reviewed, processed, and analyzed all Claim Forms submitted. McDermott Decl. at ¶¶ 4-11. All Claims received as of April 20, 2016[8] have been processed in accordance with the Stipulation and the Court-approved Plan of Allocation set forth in the Notice. *Id*. at ¶ 11.[9] In addition, Gilardi has responded in a prompt manner to all inquiries regarding the Action, the Settlement, and the procedures for completing and submitting Claims. *Id*. at ¶¶ 4, 15.

**DEFICIENT AND REJECTED CLAIMS**

As set forth in the accompanying McDermott Declaration, many of the Claims submitted in connection with the Settlement were incomplete, not properly

---

[7] Pursuant to its Final Judgment dated July 29, 2014, the Court awarded Lead Plaintiff $6,600.00 as reimbursement for his reasonable costs and expenses directly relating to his representation of the Class.

[8] In anticipation of completing the administration for this Settlement and in order for there to be a proportional distribution of the Net Settlement Fund, April 20, 2016 was selected as the last day Claims would be accepted for processing. McDermott Decl. at ¶ 17.

[9] The Plan of Allocation approved by the Court was based on, among other things, multiple disclosures by Defendants as well as the dollar inflation applicable to each eligible share of American Apparel common stock during the Class Period as determined by Lead Plaintiff's damages expert. *See* Notice at pp. 12-16; Ex. C to the McDermott Declaration. The application of the Plan of Allocation to the Claims submitted required careful analysis and review by Gilardi.

documented, or were otherwise deficient. For any submitted Claim that lacked the required information or documentation to support the claimant's holdings and/or transactions in American Apparel common stock during the relevant period, or was otherwise ineligible, Gilardi mailed a "Deficiency Notice" to the claimant advising him, her, or it of the deficiency with the Claim and requesting submission of the information and/or documentation needed to complete the Claim. McDermott Decl. at ¶¶ 7-8. For those claimants who were mailed Deficiency Notices but failed to respond with the necessary information and/or documentation to complete the Claim, as well as claimants who submitted Claims demonstrating that the claimant was ineligible to participate in the Settlement (*i.e.*, the Claim had no purchases or acquisitions of American Apparel common stock during the Class Period, or the Claim did not result in a loss when calculated pursuant to the Court-approved Plan of Allocation), Gilardi mailed a "Rejection Notice" to the claimant advising him, her, or it that the Claim had been rejected and was not eligible to receive a distribution from the Net Settlement Fund. *Id*. at ¶ 9.[10]

The Rejection Notices also advised claimants that they had the right to request review of Gilardi's administrative determination to reject their Claim. McDermott Decl. at ¶ 10. There are no outstanding requests for review. *Id*.

**ADMINISTRATIVE DETERMINATIONS FOR SUBMITTED CLAIMS**

**I. Submitted Claims Recommended for Acceptance**

A total of 5,560 Claims (including timely and late claims received through April 20, 2016)[11] were submitted in connection with the Settlement, 2,360 of

---

[10] Sample Deficiency and Rejection Notices are attached to the McDermott Declaration as Exhibits A and B, respectively.

[11] As set forth above, April 20, 2016 was selected as the last day Claims would be accepted for processing. McDermott Decl. at ¶ 17. As of August 29, 2016, a total of 18 Claims have been received by Gilardi after the April 20, 2016 cut-off date. *Id*. at ¶17, n6.

which have been deemed valid and are being recommended for acceptance. McDermott Decl. at ¶¶ 12, 16-17; *see also* Exhibit D(1) to the McDermott Declaration listing all Claims being recommended for acceptance, in Claim number order. Of the 2,360 Claims being recommended for acceptance, 66 Claims were submitted after the claims submission deadline set forth in the Notice but before April 20, 2016. McDermott Decl. at ¶ 16. Lead Counsel believes that it would be appropriate to allow these late but otherwise valid Claims to share in the Net Settlement Fund as they were received while the processing of the timely Claims was ongoing. *Id.* The Court has discretion to accept Claims submitted after the claims submission deadline.[12]

The total Recognized Claims for the 2,360 Claims being recommended for acceptance calculated pursuant to the Court-approved Plan of Allocation is $9,207,372.64. McDermott Decl. at ¶ 12. Lead Plaintiff respectfully requests that this Court approve Gilardi's administrative determinations with respect to the Claims being recommended for acceptance as listed on Exhibit D(1) to the McDermott Declaration.

## II. Submitted Claims Recommended for Rejection

Of the total Claims submitted, 3,200 Claims were determined to be ineligible and are being recommended for rejection. McDermott Decl. at ¶ 13; *see also* Exhibit D(2) to the McDermott Declaration listing all Claims being recommended for rejection, in Claim number order. The 3,200 Claims being recommended for rejection were determined to be ineligible for the following reasons: (i) 2,643 Claims did not calculate to a Recognized Claim pursuant to the Court-approved

[12] Pursuant to ¶ 15 of the Preliminary Approval Order: "Any Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Claim Form to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than September 2, 2014. *Such deadline may be extended further by Court order*." (emphasis added).

Plan of Allocation; (ii) 275 Claims had no purchases or acquisitions of American Apparel common stock during the Class Period; (iii) 154 Claims were duplicates of Claims previously submitted; (iv) 108 Claims had no eligible transactions listed in the Claim Form; and (v) 20 Claims were otherwise defective. McDermott Decl. at ¶ 13. Lead Plaintiff respectfully requests that this Court approve Gilardi's administrative determinations with respect to the Claims being recommended for rejection as listed on Exhibit D(2) to the McDermott Declaration.

**FEES AND EXPENSES OF CLAIMS ADMINISTRATOR AND TAXES**

In accordance with Gilardi's agreement with Lead Counsel to act as the claims administrator in connection with the Settlement of the Action, Gilardi is responsible for, among other things, mailing notice to the Class, processing Claim Forms, and allocating and distributing the Net Settlement Fund to eligible claimants. As set forth in the accompanying McDermott Declaration, Gilardi's outstanding administrative fees and expenses incurred in connection with the administration of the Settlement and processing Claims and expected to be incurred through the initial distribution of the Net Settlement Fund amount to $59,777.40. McDermott Decl. at ¶ 21; *see also* Exhibit E to the McDermott Declaration (attaching copies of Gilardi's invoices for this matter).

In addition, under the provisions of §1.468B of the Internal Revenue Code, monies payable to the Internal Revenue Service at the time of distribution on the interest earned on the settlement proceeds, if any, will be withheld from payment to the Class and immediately paid to the Internal Revenue Service.

Lead Plaintiff respectfully requests that the Court approve Gilardi's unreimbursed fees and expenses and direct payment of Gilardi's unreimbursed fees and expenses, as well as any taxes due, prior to distribution of the Net Settlement Fund to the Class.

**DISTRIBUTION PROCESS**

The Net Settlement Fund is ready to be distributed at this time. Lead Plaintiff, therefore, respectfully requests the Court direct Gilardi to distribute the Net Settlement Fund to claimants whose Claims Gilardi has administratively determined to be valid and is recommending for acceptance, as listed on Exhibit D(1) to the McDermott Declaration (*i.e.*, Authorized Claimants). If Gilardi's administrative determinations are approved, each of these claimants will receive a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim compared to the total Recognized Claims of all Authorized Claimants.

It is expected that not all of the checks sent to the Authorized Claimants will be cashed promptly and some of these checks will remain uncashed.[13] Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional fees and expenses incurred in administering the Settlement; and

[13] In order to encourage Authorized Claimants to promptly cash their checks, the proposed Order Authorizing Distribution of the Net Settlement Fund sets forth that all distributions will bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY DATE 120 DAYS AFTER ISSUE DATE."

(iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs and fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. *See* Notice at p. 12; Ex. C to the McDermott Declaration.

If after six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, the funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel and approved by the Court. *Id.*

**RELEASE OF CLAIMS**

Lead Plaintiff respectfully requests this Court release and discharge all Persons who are involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, bar all Class Members, whether or not they are to receive payment from the Net Settlement Fund, from making any further claim against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them by the Settlement as approved by the Court.[14]

---

[14] As set forth in the Court-approved Notice distributed to more than 35,000 potential Class Members and posted on the website for the Settlement, www.AmericanApparelShareholderSettlement.com: "Payment pursuant to the plan of allocation approved by the Court shall be conclusive against all Authorized

**RECORD RETENTION AND DESTRUCTION**

Lead Plaintiff respectfully requests that the Court authorize Gilardi to destroy paper copies and all supporting documentation of the Claim Forms one year after distribution of the Net Settlement Fund and all electronic copies of claim records three years after distribution of the Net Settlement Fund.

**CONCLUSION**

Based on the foregoing, Lead Plaintiff respectfully requests that the Court approve the Motion for Distribution of Net Settlement Fund and enter the [Proposed] Order Authorizing Distribution of Net Settlement Fund submitted herewith.

DATED: September 2, 2016

Respectfully submitted,

KESSLER TOPAZ
MELTZER & CHECK, LLP

*/s/ Paul A. Breucop*

Eli R. Greenstein
Stacey M. Kaplan
Paul A. Breucop
One Sansome Street, Suite 1850
San Francisco, CA 94104

---

Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court." Notice at p. 16.

Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff and the Class*