link 202

FILED
CLERK, U.S. DISTRICT COURT
SEP 20, 2016
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

KESSLER TOPAZ MELTZER
& CHECK, LLP
Eli R. Greenstein (217945)
egreenstein@ktmc.com
Stacey M. Kaplan (241989)
skaplan@ktmc.com
Paul A. Breucop (278807)
pbreucop@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE AMERICAN APPAREL, INC. SHAREHOLDER LITIGATION<br><br>This Document Relates To: All Actions | Case No. CV-10-6352 MMM (JCG) (**Consolidated**)<br><br>**CLASS ACTION**<br><br>**[~~PROPOSED~~] ORDER AUTHORIZING DISTRIBUTION OF THE NET SETTLEMENT FUND**<br><br>Date: TBD<br>Time: TBD<br>Room: 780 - Temple Street Courthouse<br>Judge: Hon. Margaret M. Morrow |

WHEREAS, by its Final Judgment entered in the above-captioned action ("Action") on July 29, 2014 (Dkt. No. 193), this Court approved the terms of the settlement set forth in the Stipulation and Agreement of Settlement dated January 17, 2014 (the "Stipulation") (Dkt. No. 182) and the plan for allocating the net settlement proceeds to eligible Class Members (the "Plan of Allocation"), respectively; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the $4,800,000 cash settlement proceeds have been deposited into an escrow account maintained by The Huntington National Bank on behalf of the Class (the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Claim Forms" or "Claims") to the Court-authorized claims administrator for the Settlement, Gilardi & Co. LLC ("Gilardi"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed; and

WHEREAS, in satisfaction of due process requirements, all Class Members who submitted Claims that were in any way ineligible or deficient were: (1) informed that their Claims were ineligible or deficient; and (2) given opportunities to correct any curable deficiency(ies) prior to their Claims being finally rejected, or to contest the determination as to such deficiency(ies), by requesting review; and

WHEREAS, the process of reviewing all Claims has been completed; and

WHEREAS, Lead Counsel now seeks authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any

taxes, fees and expenses previously approved by the Court or approved by this Order (the "Net Settlement Fund"); and

WHEREAS, this Court has retained continuing jurisdiction of this Action for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation and the Final Judgment and supervising the distribution of the Settlement Fund;

NOW, THEREFORE, upon reading: (1) the Declaration of Lara McDermott in Support of Motion for Distribution of the Net Settlement Fund (the "McDermott Declaration") submitted on behalf of Gilardi; (2) the Notice of Motion and Unopposed Motion for Distribution of the Net Settlement Fund; and Memorandum of Points and Authorities in Support; and (3) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the administrative determinations of Gilardi accepting the Claims as described in the McDermott Declaration and listed on Exhibit D(1) thereto, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, be and the same hereby are approved, and said Claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of Gilardi rejecting the Claims as described in the McDermott Declaration and listed on Exhibit D(2) thereto, be and the same hereby are approved, and said Claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that Gilardi be paid the sum of $59,777.40 from the Net Settlement Fund as payment for the balance of its fees and expenses incurred and

to be incurred in connection with the administration of the Settlement and the initial distribution of the Net Settlement Fund; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibit D(1) to the McDermott Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants as shown on such exhibit; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." Lead Counsel and Gilardi are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Settlement Fund; and it is further

ORDERED, that, any funds remaining following the distribution of the Net Settlement Fund to the Class, will be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional fees and expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from

such second distribution, after payment of the estimated fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible; and it is further

ORDERED, that, any funds remaining six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, and after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, shall be donated to a non-profit charitable organization(s) selected by Lead Counsel and approved by the Court; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that Gilardi is hereby authorized to destroy the paper copies and all supporting documentation of the Claim Forms one (1) year after distribution of the Net Settlement Fund and all electronic copies of claim records three (3) years after distribution of the Net Settlement Fund; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that any Claim received after April 20, 2016 be rejected as untimely and not included in the initial distribution of the Net Settlement; and it is further

ORDERED, that any response to a Deficiency or Rejection Notice received after April 20, 2016 be rejected as untimely and not included for consideration in connection with the initial distribution of the Net Settlement.

Dated: Sept 20, 2016

Virginia A. Phillips

HON. VIRGINIA A. PHILLIPS
CHIEF U. S. DISTRICT JUDGE